OTTO A. P. NEUMANN *vs.* BENJAMIN APTER.
ANNA NEUMANN *vs.* BENJAMIN APTER.

First Judicial District, Hartford, January Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and HAINES, Js.

Section 2 of Chapter 202 of the Public Acts of 1919, provides that every driver of a vehicle approaching the intersection of two streets shall grant the right of way. at such intersection to any vehicle approaching from his right, provided such vehicles are arriving at such intersection at approximately the same instant. In an action to recover damages for personal injuries caused by a collision at such an intersection, it was *held:*—

1. That the automobile approaching an intersection upon another's right, did not necessarily take precedence over the one approaching from the left; since the determining factor in that situation

was the "arriving at such intersection at approximately the same instant."

2. That the driver of the automobile approaching the intersection upon the left of another, must give the other the right of way, if a man of ordinary prudence in his situation and in the exercise of due care would reasonably believe that if the two automobiles continued to run at the rate of speed they were then running, their continuance upon their course would involve the risk of a collision; for under such circumstances they would be "arriving at such intersection at approximately the same instant."

3. That on the other hand, if the driver of the car approaching the intersection upon the left of another, acting as a man of ordinary prudence and in the exercise of due care, reasonably believed that if the two cars continued at their then rate of speed there would be no risk of collision and his own car would cross the intersection safely and in front of the automobile approaching from his right, then the automobile approaching upon the left of the other would not be negligent in crossing the intersection in front of the other.

4. That the charge of the trial court was in substantial accord with the principles above stated, was adequate to the situation as claimed by the parties, and could not have misled the jury as to the importance of considering the statutory rule prescribing the right of way.

5. That the phrase "intersection of a street or public highway" in the statute, meant the rectangular space which was common to each street or highway.

A driver of an automobile has a right to assume, unless the contrary appears, that the driver of another automobile approaching the intersection of two streets, will not increase his speed.

Argued January 4th—decided February 1st, 1921.

ACTIONS to recover damages for personal injuries to the respective plaintiffs, husband and wife, and for damages for injuries to the husband's automobile, which were alleged to have been caused by the negligence of the defendant in the operation of his automobile, brought to the Superior Court in Hartford County and tried to the jury before *Burpee, J.;* verdict and judgment for the plaintiff husband for $812, and for the plaintiff wife for $2,000, and appeal by the defendant. *No error.*

*Lawrence A. Howard,* with whom was *Nathan A. Freedman,* for the appellant (defendant).

*James B. Henry*, for the appellees (plaintiffs).

CURTIS, J.   The defendant's first complaint is of the refusal of the trial court to grant his motion in each case to set aside the verdict and grant a new trial.   Under the conflicting evidence the jury could reasonably have rendered the verdict given in each case.

The defendant claims, further, that the court erred as to each case in its charge relating to the duty of the plaintiff to observe the following statutory rule of conduct (Public Acts of 1919, Chapter 202, § 2), in view of the facts which the plaintiffs claimed to have proved: "Every driver and operator of a vehicle approaching the intersection of a street or public highway shall grant the right of way at such intersection to any vehicle approaching from his right, provided such vehicles are arriving at such intersection at approximately the same instant."

The plaintiffs claimed to have proved these facts: Otto A. P. Neumann was driving his automobile northerly on Franklin Avenue in Hartford on September 15th, 1919, at about 9:30 P. M.   He sat on the left side of the front seat, his wife, Anna Neumann, on the right side of the same seat, and their child was between them.   A light rain was falling, the road was wet and slippery, and it was dark.   The plaintiff proposed turning westerly into Preston Street, which ran easterly and westerly intersecting Franklin Avenue at right angles.   As he was about to turn into Preston Street he slowed his car to about six miles per hour and turned to the left, keeping to the right of the intersection of the centers of the two streets.

Franklin Avenue is about fifty feet wide, and near its middle are the tracks of a double-track street railway, leaving a clear space of seventeen and one half feet between the outer rail and the street curb on either side.

As Neumann was turning to his left to enter Preston Street, he and his wife saw the lights of the defendant's automobile when about three hundred or three hundred and fifty feet away approaching from the north on the westerly side of Franklin Avenue, but he could not see that the car was coming fast, and could not discover that it was going at a high speed until it was only a few feet away and just before the collision. The defendant's automobile was then running at a speed of about forty miles an hour, and that speed was maintained to the time of the collision.

When the rear wheels of the plaintiff's automobile were midway between the rails of the westerly trolley-tracks, the plaintiff saw the defendant's automobile approaching at high speed and only a few feet away. The defendant's automobile did not sound a horn at any time. It did not turn to the right or left to avoid striking the plaintiff's automobile, as it might have done, but struck the plaintiff's automobile a square blow in the middle, severely injuring the plaintiff's wife and his automobile.

The plaintiff Otto A. P. Neumann was operating his car in a careful and reasonable manner and in accordance with the rules of the road when he turned from Franklin Avenue to enter Preston Street.

In the light of these claimed facts the court charged the jury as follows, as to the above-quoted statutory rule of conduct: "There is not in this complaint an allegation upon which can fairly be placed one feature in this case, which I think is very important, and which counsel on both sides have seemed to regard as an element to be considered in reaching the conclusion concerning the conduct of these several parties, and, although, strictly, according to the rules which I have described to you, that might be called outside of your consideration, I think it is fair, in view of the way the case has been presented, to call your attention to another

law which we have, a statute in this State. And that provides, in effect, that when any person approaches an intersecting highway he must give the right of way to any vehicle approaching from his right, providing the vehicles are arriving at the intersection at approximately the same instant.

"Now, you will recall that in this case these motor vehicles were undoubtedly approaching the intersection of these roads at approximately the same instant. The plaintiff's automobile, coming up Franklin Avenue, and being about to turn into Preston Street, in the manner in which the evidence has disclosed to you, would have a motor vehicle coming down Franklin Avenue from Hartford upon his right hand. Therefore, this provision of law would apply to the plaintiff in this case. And it was his duty to grant the right of way to any vehicle approaching from his right. It was the duty, therefore, of Mr. Neumann, as he turned his car on Preston Street, to give the right of way to any vehicle approaching him from the direction in which this defendant's automobile was coming. Or, to cut it down, in the circumstances before you, it was Neumann's duty to give Apter the right of way. Now, of course, he must do so with due respect to the circumstances surrounding him. What does it mean by giving him the right of way? Of course, it does not mean that every driver of an automobile in such a position must stop his car always, or remain at a standstill always. He has a right to proceed, and would be considered to be giving an approaching automobile the right of way if he gives them, in the exercise of reasonable care, acting as a prudent man would act,—if he gives the approaching automobile a reasonable opportunity to get by him, to go in front of him.

"Perhaps it may be said that if the person making the turn, or having the approaching automobile on his right, sees another automobile approaching at a considerable

distance on the street, he is called upon to exercise the care of a reasonably prudent man, either to stop short or to slow up, or do anything else that is necessary to give that approching automobile the opportunity to go ahead of him, providing a reasonably prudent man would act in that way.

"If the distance was so great that a reasonably prudent man would say that ' the approaching automobile cannot reach this intersecting point until I have passed it,' then it is for the jury to decide whether or not that was the conduct of a reasonably prudent man."

The defendant seems to urge that from the moment the plaintiff Otto A. P. Neumann was aware that the defendant's automobile was approaching Preston Street from the north on the westerly side of Franklin Avenue, it was his duty to stop or slow his automobile until the automobile approaching on his right had passed in front of him.

The statute does not require such conduct. It was Neumann's duty to await the passing of the defendant's automobile when he was about to pass to the right of the intersection of the centers of Franklin Avenue and Preston Street in order to turn into Preston Street on his left, if a man of ordinary prudence, in the situation of the plaintiff, in the exercise of due care, would believe that the approaching car of the defendant would arrive at the intersection of such streets at approximately the same instant as the plaintiff's automobile would turn into the westerly half of Franklin Avenue. If, on the contrary, a man of ordinary prudence in the situation of the plaintiff at the time would, in the exercise of due care, believe that the approaching automobile of the defendant would not reach the intersection of such streets at approximately the same instant as the plaintiff's automobile would turn into the westerly half of Franklin Avenue if it continued on its course, it would not be neg-

ligence for the plaintiff to proceed to turn his automobile into Preston Street.

It is an automobile from the right, about to arrive at the intersection of two streets at approximately the same instant as an automobile approaching the intersection from the opposite direction is about to turn to its left in order to pass to the right of the intersection of the centers of two streets, that has the right of way. It is not an automobile that is merely approaching an intersection of streets from the right, that necessarily has the right of way over one approaching from the left. The arriving at approximately the same instant is the essential element in determining the right of way.

The term "arriving at such intersection at approximately the same instant" in this statute is to be interpreted as follows: The driver of an automobile, approaching the intersection of two highways or streets, or when about to turn into the street upon his left and to go to the right of the intersection of the centers of the two highways or streets, must, when an automobile is approaching such intersection from his right, give such approaching automobile the right to cross the intersection before him, if a man of ordinary prudence in his situation, in the exercise of due care, would reasonably believe that if the two automobiles continued to run at the rate of speed at which they are then running, such continuance of their course would involve the risk of a collision. In such case they are arriving at such intersection at approximately the same instant. If, on the contrary, a man of ordinary prudence in such situation, in the exercise of due care, would reasonably believe that if the two automobiles continued to run at the rate of speed at which they are then running, such continuance would not involve the risk of a collision but would carry his automobile across the intersection of the highways or streets in safety in front of the automobile approaching

from his right, then the automobile from the left would not be negligent in crossing the intersection in front of the automobile approaching from the right.

The term "intersection of a street or public highway" in this statute means the space of the street or highway common to both streets or highways.

A driver of an automobile has a right to assume, unless the contrary appears, that the driver of another automobile approaching an intersection of a street or highway will not increase his speed.

The charge of the court was in substantial accord with the law as we have stated it, and was correct and adequate under the claimed facts. The preliminary remarks of the court as to the lack of any allegation in the complaint as to this statutory rule of conduct, could not have misled the jury, because the court charged the jury fully and correctly as to the relation of this statutory rule of conduct to the case, and in such a manner as to cause the jury to regard it as a matter essential in their consideration.

There is no error.

In this opinion the other judges concurred.