CHARLES J. ROHDE *vs.* CHARLOTTE M. NOCK ET AL.

First Judicial District, Hartford, October Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

In charging the jury the trial judge is not bound to use the language of the requests; it is enough if his instructions upon these points are correct and adequate.

The term "intersecting highway," as defined in § 1 of Chapter 400 of the Public Acts of 1921, includes any which joins another at an angle, whether it crosses the other or not, and the phrase "such intersection" in § 2 (a) of Chapter 334 of the Public Acts of 1921, means all the space included within the lines of both highways if they cross each other, or, if one highway joins but does not cross the other, all the space that would be included within the lines of both extended to cross each other.

In the present case the plaintiff testified that when he was one hundred feet from the intersection of two highways, the defendants, who were approaching from his left, had already entered the intersection. *Held* that the trial court properly instructed the jury that, under the rules of the road, the plaintiff did not have the right of way, since the vehicles did not arrive at the intersection at approximately the same time.

Exception to a ruling on evidence must be taken in order to make it a ground of appeal.

A record of conviction for intoxication is not admissible to affect the credibility of a witness.

Argued October 8th—decided October 21st, 1924.

ACTION for damages for injuries to the plaintiff's automobile, alleged to have been caused by the negligence of the defendants, brought to the Court of Common Pleas in Hartford County and tried to the jury before *Dickenson, J.;* verdict and judgment for the defendants, and appeal by the plaintiff. *No error.*

*John J. Dwyer,* for the appellant (plaintiff).

*Irving G. Smith,* for the appellees (defendants).

KELLOGG, J. The reasons of appeal relate to the refusal of the court to charge as requested, to claimed error in the charge given, and to the exclusion of certain evidence.

Upon the trial the plaintiff offered evidence to prove and claimed to have proved the following facts: That on May 17th, 1922, he was duly licensed to drive an automobile in this State, and was then the owner of an automobile, registered in his name as required by law; that on this 17th day of May he was operating his automobile on a public highway in the city of Hartford known as Connecticut Boulevard, and when he had reached a point in said Boulevard directly opposite Talcott Street, an automobile owned by the defendant Grolms and operated by the defendant Nock as his agent, through the negligence of the defendants, collided with his automobile, striking it on the left-hand side and damaging it in certain particulars; that the Connecticut Boulevard is a prominent thoroughfare sixty feet in width from curb to curb and extending from State Street, in Hartford, northerly to Morgan Street, and thence over the Connecticut River Bridge to East Hartford; that Talcott Street intersects the Boulevard at a point about midway between State Street and Morgan Street, but does not continue

across and beyond the Boulevard, and that on entering the Boulevard from Talcott Street it is necessary to proceed either to the north or south along the Boulevard; that when he was about one hundred feet south of Talcott Street he saw the automobile of the defendants just as the front of it was about to pass from Talcott Street into the Boulevard; that it was proceeding slowly, being but little more than under way; that he believed he had the right of way, and that if the defendants intended to enter the opposite side of the Boulevard they would keep to the right of the center of the intersection before turning to the left, and allow him an opportunity to pass; that when he was about twelve feet distant from them he discovered for the first time that they had not kept to the right of the intersection of the center and were proceeding directly across the Boulevard and into the line of northbound traffic and would strike him before he could pass; that he then turned sharply to the right, set his brakes, and endeavored to avoid a collision, but his automobile was then struck by the automobile of the defendants and injured as set forth in the complaint.

The plaintiff's first claim of error is that the court refused to instruct the jury as requested by him in writing as follows: "It is admitted that the plaintiff was going northerly in and through the Connecticut Boulevard and that the defendants were entering said Boulevard from Talcott Street. If you find this to be the fact, and you further find that the plaintiff and the defendants were arriving at the intersection of said Boulevard and Talcott Street approximately at the same instant, it follows that as a matter of law the plaintiff had the right of way and had a right to assume that the defendants, or anyone else who might have occasion to enter said Boulevard from the easterly side or on the left of the plaintiff, would, as they were

entering said Boulevard, be on the lookout for the approach of any vehicle passing through said Boulevard in a northerly direction, and that the defendants would give the plaintiff an opportunity to pass said Talcott Street in a northerly direction before they drove into the easterly side of said Boulevard and in the line of northbound traffic, and if you find from all the evidence that the defendants, or either of them, saw, or could have seen by the exercise of reasonable diligence, the car of the plaintiff approaching from the south, and they, or either of them, did not give the plaintiff a reasonable opportunity to pass before they, or either of them, drove into the easterly side of said Boulevard, and the plaintiff himself was in the exercise of due care, then your verdict should be for the plaintiff."

We have repeatedly decided that "in charging the jury the trial judge is not bound to use the language of the requests. It is enough if his instructions upon these points are correct and adequate." *Temple* v. *Gilbert,* 86 Conn. 335, 85 Atl. 380; *Bernier* v. *Woodstock Agricultural Soc.,* 88 Conn. 558, 92 Atl. 160; *State* v. *Tobin,* 90 Conn. 58, 96 Atl. 312; *State* v. *Newman,* 91 Conn. 6, 98 Atl. 346; *Warner* v. *McLay,* 92 Conn. 427, 103 Atl. 113; *Brown* v. *Page,* 98 Conn. 141, 119 Atl. 44; *Salemme* v. *Mulloy,* 99 Conn. 474, 121 Atl. 870. The charge as a whole covers this request fully so far as it is warranted by the evidence offered. There was, therefore, no error in this particular.

The second claimed error is that the court erred in instructing the jury as follows: "The Connecticut Boulevard and Talcott Street intersect, it appears, although Talcott Street does not cross the Boulevard; this, however, is an intersection within the meaning of the statute. Now this is important, gentlemen, the intersection contemplated by the statute is not the intersection of the centers of the street. It is the

rectangular space formed by continuing the curb lines, in this case of Talcott Street into and across the Boulevard, and any space within that rectangle is the intersection of the two streets." That this instruction was correct, a reference to the statutes of this State and our decisions will clearly show. An "intersecting highway" is defined in § 1 of Chapter 400 of the Public Acts of 1921, as follows: "'Intersecting highway' shall include any public highway which joins another at an angle whether or not it crosses the other." "The term 'intersection of a street or public highway' in the statute means the space of the street or highway common to both streets or highways." *Neumann* v. *Apter,* 95 Conn. 695, 702, 112 Atl. 350. "The words 'such intersection,' reasonably construed, mean all the space included within the lines of both highways where 'any highway joins another at an angle,' if it crosses the other; or, if one highway joins but does not cross the other, all the space that would be included within the lines of both extended to cross each other." *Bettilyon* v. *Smith & Son, Inc.,* 96 Conn. 16, 20, 112 Atl. 649.

The plaintiff further assigns as error that "the court erred in instructing the jury as follows: 'Now the plaintiff himself has testified that he saw the defendants' car entering the Boulevard from Talcott Street when he was 100 feet away, and this position of the two cars at the time was further borne out by the testimony of the plaintiff's brother. Any comment I may make upon the evidence is simply a comment and in no way binding on you. It is simply my opinion, not yours. Now, the intersection referred to in the statute, as I have said, is the rectangular space formed by the juncture of the two streets. It therefore appears from the plaintiff's own statement that while the plaintiff was 100 feet away from the intersection the defendants had already entered that intersection. Under such circumstances I

instruct you the plaintiff would have no right of way over the defendants, for on his own statement it must have appeared not that the cars would have arrived at the rectangular space called the intersection at approximately the same moment but that the defendants had arrived before he reached the intersection. He had no right to assume that the right of way would be granted him under such circumstances and to proceed on this basis. His duty if he proceeded was to do so as a reasonably prudent person might under the circumstances without the right of way, as a reasonably prudent person would have proceeded in the knowledge that he had no right of way; that was his duty.'" Section 2 (a) of Chapter 334 of the Public Acts of 1921, reads in part as follows: "Every driver and operator of a vehicle approaching any intersecting public street or highway shall grant the right of way at such intersection to any vehicle approaching from his right, provided such vehicles are arriving at such intersection at approximately the same time." The finding discloses that the plaintiff offered evidence to prove and claimed that he had proven, among other facts, "that when he was about one hundred feet south of Talcott Street . . . he saw the automobile of the defendants just as the front of it was about to pass from Talcott Street into the Boulevard." The court was therefore correct, in the light of this statutory duty, in charging the jury "that the plaintiff would have no right of way over the defendants, for on his own statement it must have appeared not that the cars would have arrived at the rectangular space called the intersection at approximately the same moment but that the defendants had arrived before he reached the intersection."

Upon the trial when the defendant Grolms, the owner of the car but not the driver, was being cross-examined on behalf of the plaintiff, he was asked this question:

"You have been convicted for driving under the influence of liquor, haven't you?" and answered: "That was a long time after this accident. It does not bind on this at all." Counsel for the defendants objected, and plaintiff's counsel offered to put in the record. The court sustained the objection and instructed the jury to disregard the evidence entirely, stating that the question was highly improper. No exception was taken by the plaintiff. "Exception to the ruling must be taken in order to make it a ground of appeal." Practice Book, § 151, page 276. Even had an exception been taken, the ruling must be supported, as a record of conviction for intoxication could not be introduced to affect the credibility of a witness. See *Drazen* v. *New Haven Taxicab Co.*, 95 Conn. 500, 111 Atl. 861, and cases cited in the opinion.

There is no error.

In this opinion the other judges concurred.