August Fournier *vs.* Julius A. Zinn.

Worcester.    September 28, 1926. — November 27, 1926.

Present: Rugg, C.J., Braley, Crosby, Carroll, & Wait, JJ.

*Evidence*, Opinion: expert; Of probable duration of life. *Negligence*, In use of highway, Motor vehicle, Contributory. *Motor Vehicle*, Operation. *Law of the Road. Words*, "Point of intersection."

At the trial of an action for personal injuries, it is proper to admit in evidence the opinion of a qualified physician as to the probable duration of the plaintiff's life, to the effect that, taking into account the plaintiff's physical condition if he had not received the injury complained of, he would probably have lived about nine years, but that, because of the accident, he would probably live about four years.

Evidence at the trial of an action for personal injuries received in a collision of motor vehicles tended to show that, as the plaintiff, travelling at the rate of not more than fifteen miles per hour and with his foot on the brake, was sixty feet from the point where the collision occurred, he saw the defendant's motor vehicle approaching him from his right about two hundred sixty-eight feet away and at that time was unable to estimate the defendant's speed; that from a point thirty-three feet away from the point of collision he looked at the defendant's vehicle, then one hundred and eighty feet distant, and judged that it was moving from about forty to forty-five miles per hour; that he thought he had time to pass the point of intersection before the defendant's car; that there were no other vehicles approaching the point of intersection; and that, when the front of the plaintiff's car had passed, and the rear was about five feet in on the area of intersection, it was struck by the defendant's car. *Held*, that the question, whether negligence of the plaintiff contributed to the injury, was for the jury.

In G. L. c. 89, § 8, in substance requiring every driver of a motor or other vehicle approaching an intersecting way (as defined in G. L. c. 90, § 1), to grant the right of way at the "point of intersection" to vehicles approaching from his right provided that such vehicles are arriving at the "point of intersection" at approximately the same instant, the words, "point of intersection," in the case of streets crossing each other approximately at right angles, mean the rectangular space common to the streets where they cross each other.

What construction would be given to the words, "point of intersection," in the statute above described in the case of several streets joining at one point or "square," and not at right angles, *was not determined.*

Tort for personal injuries.    Writ dated March 12, 1924.

In the Superior Court, the action was tried before *Lummus*, J.    Material evidence and exceptions by the defendant

are described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in his favor. The motion was denied. There was a verdict for the plaintiff in the sum of $10,100. The defendant alleged exceptions.

*C. C. Milton,* for the defendant.

*J. M. Hoy,* (*A. A. Gelinas* with him,) for the plaintiff.

CARROLL, J. This is an action of tort to recover for personal injuries and property damages suffered by the plaintiff as a result of a collision of an automobile, owned and operated by the defendant, and an automobile owned and operated by the plaintiff. The jury viewed the scene of the accident. There was evidence of the defendant's negligence. He moved for a directed verdict. In the Superior Court there was a verdict for the plaintiff.

A physician called by the plaintiff was allowed, subject to the defendant's exception, to state his opinion of the probable duration of the plaintiff's life. He said that, taking into account the plaintiff's physical condition if he had not received the injury complained of, he would live about nine years; that because of the accident, he would probably live about four years from that time. This evidence was admissible. Mortality tables based upon selected lives are admitted in evidence. *Banks* v. *Braman,* 195 Mass. 97. The probable length of life of the plaintiff as affected by the injury was relevant. See *Daniell* v. *Boston & Maine Railroad,* 184 Mass. 337, 343; *Rooney* v. *New York, New Haven & Hartford Railroad,* 173 Mass. 222.

It could not be ruled as matter of law that the plaintiff was careless. He was driving his motor car on Packard Street approaching its intersection with Lincoln Street in the town of Hudson. He testified he was not going faster than fifteen miles an hour, with his foot on the brake; that he looked to his right, from which direction the defendant was proceeding toward the intersection of the two streets, the plaintiff being sixty feet "from the point of the accident"; that at this time the defendant was about two hundred and sixty-eight feet away; that the rear of the plaintiff's automobile was struck by the defendant's; that this "part was

just about five feet, in on Lincoln Street," the rest of the machine having passed the area of intersection; that when he saw the defendant's car "two hundred and sixty feet" away he was unable to estimate its rate of speed; that when thirty-three feet away he looked again and saw the defendant's car about one hundred and eighty feet distant, moving at the rate of forty or forty-five miles an hour; that he thought he had time to pass.

As the defendant was on the right of the plaintiff, approaching an intersecting way, the defendant had the right of way, which right of the defendant the plaintiff was bound to comply with. But even if he were wrong in his estimate of the defendant's speed and distance, and drove his motor car across the intersecting way when he knew the defendant was approaching at a high rate of speed, although the question is close, it was we think for the jury to determine whether in so acting he used a proper degree of care. The collision took place at the intersection of two streets. There were no vehicles approaching the point of intersection except those of the plaintiff and the defendant, and no pedestrians were upon the way. But the speed and distance of the defendant from the point of intersection had to be taken into account. The plaintiff was not obliged to suspend his progress because somewhere in the distance on his right he saw another car approaching; nor could he take the risk of proceeding because he was a few feet nearer the intersecting point than the defendant and concluded he could speed across the intersecting area in time to avoid a collision. The plaintiff would not exercise the care of a prudent driver in taking such a risk. Considering all the circumstances, however, it was for the jury to determine if a man of ordinary prudence approaching the way as the plaintiff did would conclude that he could in safety proceed to cross the intersecting street without any reasonable apprehension of a collision. *Salisbury* v. *Boston Elevated Railway,* 239 Mass. 430. *Pitman & Brown Co.* v. *Eastern Massachusetts Street Railway,* 255 Mass. 292.

The defendant asked the judge to instruct the jury: "If the plaintiff's car and the defendant's car approached the

intersection of Packard Street and Lincoln Street at approximately the same instant the defendant was entitled to the right of way and the plaintiff's failure to grant it to him amounted to contributory negligence and bars recovery by the plaintiff." G. L. c. 89, § 8, requires, so far as is here material, every driver of a motor or other vehicle approaching an intersecting way (as defined G. L. c. 90, § 1), to grant the right of way at the "point of intersection" to vehicles approaching from his right, provided that such vehicles are arriving at the "point of intersection" at approximately the same instant. By § 1 of c. 90 an intersecting way is one which joins another way at an angle "whether or not it crosses the other." The judge instructed the jury, in effect, "that the point of intersection intended by our statute is the point where the apparent and probable paths of the two vehicles cross each other." As we construe the record the defendant excepted to this specific instruction.

G. L. c. 89, § 8, established a law of the road at intersecting streets. Its purpose was the prevention of collisions at such points, and the protection of the travelling public. The statute speaks of an intersecting way and the right of way of a person at the point of intersection "to vehicles approaching from his right, provided that such vehicles are arriving at the point of intersection at approximately the same instant." This "point of intersection" was determined and fixed by the statute; it was the space common to Packard Street and Lincoln Street where they crossed each other, the area within that rectangle was the intersecting point mentioned in the statute. It was this point of intersection of the two ways and not the point where the paths of the two automobiles would cross each other that the statute established as the point of intersection, at which point the vehicle on the plaintiff's right had the right of way.

The statute is to be reasonably construed. The construction put upon it by the trial judge would but slightly remedy, if at all, the danger which the statute sought to cure. It was passed to prevent the automobilist from taking a chance and running the risk of speeding across

the area of two intersecting streets in the hope of escaping a collision with the vehicle on his right. It ordained a fixed point of intersection. It did not intend to leave this point to the uncertain estimate of every operator. The right of way given the defendant would afford him little, if any, protection if this right depended on the judgment of the plaintiff that he could cross in safety the place where the path of the two vehicles would cross each other. The mistake which he made illustrates the danger the Legislature had in mind when it passed the statute.

As the statute was construed by the trial judge, the point of intersection of the ways would not be important, the essential place would be where the two vehicles would probably cross each other's path. This was not the meaning of the statute.

The statute applies to all intersecting ways whether they do or do not cross each other. The driver on the right of one approaching the intersection may desire to go on in a direct line or turn to the right or to the left; where one street intersects but does not cross the other, the driver may intend to stop his vehicle. It may be necessary for him to deviate from a direct course in order to turn into the intersecting street. All these contingencies are given some assurance of safety if the statute is construed as we have indicated. This construction we consider in the interest of safety. It tends to check confusion and lessen the peril to drivers of vehicles at intersecting streets at night as well as in the daytime, whether the view is obstructed or open, and accords to one approaching from another's right a place of some comparative safety. This construction carries out the intention of the Legislature. *Neumann* v. *Apter*, 95 Conn. 695. *Rohde* v. *Nock*, 101 Conn. 439. See *McCarthy* v. *Breckwith*, 246 Mass. 409.

In Wisconsin and Minnesota, statutes regulating travel at intersecting streets have been construed as our statute was construed by the trial judge. *Primock* v. *Goldenberg*, 161 Minn. 160. *Bertschy* v. *Seng*, 181 Wis. 643. We must however decline to follow these decisions.

There are squares with several streets joining each other, where our construction may cause some confusion, but this condition of affairs is not before us.  Because of the error in the instructions given the jury the exceptions must be sustained.

*So ordered.*