## Gilson M. Hall, Administrator, *vs.* Clayton R. Root et al.

First Judicial District, Hartford, January Term, 1929.

Wheeler, C. J., Maltbie, Haines, Hinman and Banks, Js.

Argued January 2d—decided March 2d, 1929.

*James W. Carpenter* and *M. Eugene Culver,* for the appellant (defendant Clayton R. Root).

*Thomas C. Flood,* for the appellee (plaintiff).

BANKS, J.   The plaintiff was a passenger in the automobile of the defendant Sodersten which, as it was proceeding north upon Main Street in the town of East Hampton at its intersection with High Street, came into collision with the automobile of the defendant Root which was proceeding west on High Street.   The plaintiff claimed that the collision was caused by the concurrent negligence of both defendants in approaching the intersection of the two streets at a reckless rate of speed and in failing to keep a proper lookout, and that the defendant Sodersten was negligent in increasing his speed after he entered the intersection at a time when the Root car had either entered it or was within five or ten feet of it.   The jury rendered a verdict against the defendant Root and in favor of the defendant Sodersten and the plaintiff's appeal from the judgment in favor of the latter has been withdrawn.

The appeal of the defendant Root is based entirely upon claimed errors in the charge and refusals to charge.   The charge is to be tested by the facts claimed to have been proved by the parties.   It was agreed that High Street, upon which the Root car was approaching, was thirty-six feet wide and Main Street eighteen feet wide; that at the southeast corner of the intersection there was a house which stood twenty-six feet from the southerly curb of High Street, and twenty-nine feet from the easterly curb of Main Street.   Both the plaintiff and the defendant Root claimed to have proved that when the Sodersten car was near the northerly line of the house, which was twenty-six feet

from the intersection, the Root car was approximately fifty feet from the intersection, and that the Sodersten car was traveling about twenty-five miles an hour. The plaintiff claimed to have proved that the Root car was traveling between thirty-five and forty miles an hour, and Root claimed that his car was traveling about twenty-five miles an hour. They agreed that, as the Sodersten car entered the intersection, the Root car had either entered the intersection or was within five or ten feet of it. Sodersten claimed to have proved that when his car entered the intersection the Root car was at least one hundred and fifty feet away.

This collision occurred at a street intersection and the important question in the case, as bearing upon the negligence of the respective drivers of the two vehicles, was as to which of them, under the circumstances, had the right of way. It was therefore essential that the jury be correctly instructed as to the respective rights of the two drivers as they were arriving at the intersection. The court charged the jury upon this point as follows: "If you find that the two cars arrived at this intersection at approximately the same time, it was the duty of the defendant Sodersten to give the defendant Root's car, which was approaching the intersection from Sodersten's right, the right of way. If, however, you find that when the defendant Sodersten entered the intersection, defendant Root's car was some considerable distance away, then the defendant Sodersten had the right of way." The defendant Root contends that this portion of the charge was not an accurate statement of the respective rights of the two drivers under our statute, which provides that every driver approaching an intersecting highway shall grant the right of way to a vehicle approaching from his right provided both vehicles are arriving at the intersection at approximately the same time. In *Neu-*

*mann* v. *Apter,* 95 Conn. 695, 701, 112 Atl. 350, we interpreted this provision of the statute as requiring that the driver of an automobile approaching a street intersection must give to another, approaching the intersection from his right, the right to cross the intersection before him "if . . . a man of ordinary prudence in such situation, in the exercise of due care, would reasonably believe that if the two automobiles continued to run at the rate of speed at which they were then running, such continuance [of their course] would . . . involve the risk of a collision." "In such case," we say, "they are arriving at such intersection at approximately the same instant."

The charge is criticized because it fails to base the right of way in part upon the relative speed of the two cars and whether a man of ordinary prudence in Sodersten's position would reasonably believe that if they continued to run at the same rate of speed there would be risk of a collision, in accordance with the test approved in *Neumann* v. *Apter.* The charge failed to give the jury any test by which to determine when the cars were to be deemed to be arriving at the intersection at approximately the same instant. It apparently assumed that the actual arrival of the cars respectively at the line marking the beginning of the intersection would decide that question. We rejected that test in *Neumann* v. *Apter,* and adopted the test of reasonable apprehension of collision, based in part at least upon the relative speed of the two cars as they were approaching each other up to the point where, if each continued at the same rate of speed at which it was then traveling, a collision would be imminent. We made that test, in effect, a definition of the phrase in the statute "arriving at such intersection at approximately the same instant." In order that a jury may understand the meaning of the phrase,

and the duty devolving upon the respective drivers under such circumstances, it is essential that the charge make clear that the test is, not the time of arrival at the entrance to the intersection, but the reasonable apprehension of collision on the part of the driver approaching from the left. Although the court failed to instruct the jury as to the correct test to be applied in determining whether the two vehicles were arriving at approximately the same time, it may be said that the defendant Root could not complain of the first sentence quoted from the charge since that imposed upon the defendant Sodersten the absolute duty to yield the right of way regardless of his reasonable apprehension of a collision. The next sentence of the charge, however, in which the jury were told that Sodersten had the right of way if his car had entered the intersection when the Root car was "some considerable distance away" was too favorable to Sodersten. He had the right of way under those circumstances only if, as a man of ordinary prudence, he would reasonably believe that, if the cars continued on their course at the same relative speeds, it would not involve risk of a collision.

Immediately following the portion of the charge above quoted, the court charged as follows: "The defendant Sodersten had the right to assume that after he had entered the intersection, with the defendant Root at some distance to the east, that the defendant Root would grant him the right of way and would have his car under such control that the defendant Sodersten, while in the exercise of due care, could proceed through the intersection without danger of defendant Root's car colliding with him." In fairness to the defendant Root the charge should also have stated the right which the driver of the Root car had to assume that Sodersten would yield him the right of way

if the jury found that they were approaching the intersection at approximately the same time, as that phrase is defined in *Neumann* v. *Apter,* and that he would have his car under such control that the driver of the Root car could proceed through the intersection without danger of collision. Not only did the charge fail to make clear to the jury this reciprocal right of the driver of the Root car, but in a later part of the charge the court told the jury that if they found that either of the defendants was proceeding at so high a rate of speed that he could not stop or turn out when the other car appeared in front of him, such driver was negligent in failing to have his car under proper control. In view of the claim of the defendant Root that the two cars were approaching the intersection at approximately the same instant, and that the driver of his car therefore had the right to assume that the other car would yield him the right of way, and of the further claim that the Sodersten car increased its speed after it entered the intersection, this instruction did not fairly state the duty resting upon the driver of the Root car. Under these circumstances his inability to stop his car when the Sodersten car appeared in front of him was not conclusive proof of negligence, and the charge in so stating was prejudicial to the defendant Root.

There is error and a new trial is ordered as to the defendant Root.

In this opinion the other judges concurred.