JAMES L. BARRY *vs.* CHARLES E. LEISS ET AL.

Third Judicial District, New Haven, June Term, 1929.
WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued June 6th—decided July 10th, 1929.

*Frederick H. Wiggin* and *Joseph Shelnitz,* for the appellants (defendants).

*James J. Corrigan,* for the appellee (plaintiff).

HINMAN, J. On January 26th, 1928, the plaintiff was riding, as a guest, in an automobile owned and operated by one Stacy which was traveling in an easterly direction on Connecticut Avenue in Bridgeport. The defendant Charles E. Leiss was driving a car owned by the defendant Marjorie Leiss, westerly on the same street. When Leiss reached the point in Connecticut Avenue where it is intersected, from the south, by Waterman Street, he turned to his left, across the avenue toward Waterman Street, a collision occurred between the Leiss car and the Stacy car, and the plaintiff was injured. This appeal assigns error in denying

the motion to set aside the verdict, in the charge as given, and in refusing to charge in accordance with certain requests.

The reason of appeal which develops a reversible error is that which relates to the portion of the charge which concerns the applicability of the statute which prescribes the rule of the road at intersecting streets or highways. This provides, in part, that "every driver and operator of a vehicle approaching any intersecting public street or highway shall grant the right of way at such intersection to any vehicle approaching from his right, provided such vehicles are arriving at such intersection at approximately the same time." Public Acts of 1923, Chap. 246, § 1. The trial court, without reading this provision, and referring to it only as "a certain rule of the road, giving the right of way to a motor vehicle coming from the right," charged that this rule "has no application, in my opinion, to the issues in this case, because both of the operators of the respective motor vehicles were traveling on parallel lines. They were both proceeding east and west, respectively, on Connecticut Avenue. This statute has more particular reference to cars which are approaching from different streets at right angles to each other. So that portion of the statute has no application, unless the operator of the defendant car, having the right of way, had signaled to the operator of the car in which the plaintiff was proceeding, that he intended to turn into the intersecting street. You will recall that Mr. Leiss has testified frankly that he gave no signal of any kind of his intention to turn into the intersecting street. Therefore, this particular part of the statute having reference to the right of way has no application in this case."

The first reason given for the nonapplication of this statutory rule, viz.: that, prior to reaching the inter-

section of Connecticut Avenue and Waterman Street, both vehicles were traveling in opposite directions on the same street, instead of approaching the intersection at an angle to each other, one on each of the two intersecting streets, was erroneous. *Neumann* v. *Apter* (1921) 95 Conn. 695, 112 Atl. 350, involved a situation which was analogous, in this respect, to that presented here. There the plaintiff was driving north on Franklin Avenue, in Hartford, and the defendant was traveling south on the same street. The plaintiff, on reaching Preston Street, which crossed Franklin Avenue at right angles, turned westerly, to his left, to go into Preston Street, and a collision occurred, within the intersection, between his car and that of the defendant which approached from the plaintiff's right and was continuing southerly on Franklin Avenue. In that case a charge interpreting the statute governing right of way at intersections and applying its provisions to the facts claimed in that case was sustained. The interpretation there given to the statute has since been followed and applied. *Jackson* v. *Brown*, 106 Conn. 143, 137 Atl. 735; *Rohde* v. *Nock*, 101 Conn. 439, 126 Atl. 335; *Hall* v. *Root*, 109 Conn. 33, 145 Atl. 36; *Camarotta* v. *Kling*, 108 Conn. 602, 143 Atl. 881. No reason is suggested or discernible why this rule should not be applicable where and when—as in *Neumann* v. *Apter* and in this case—the course taken by one of two cars which have been approaching each other on the same street is so altered as to change their relation from one of meeting and passing on such street to that of approaching and traversing an intersection, similarly as would cars traveling along separate streets and one approaching the intersection from the right of the other.

The further portion of the charge which we have quoted appears to recognize that the rule may become

applicable in case the operator of the car which is about to turn into the intersecting street signals to the operator of the other vehicle approaching the intersection that he so intends to turn, but the trial court ruled and charged that because the defendant did not so signal, the rule had no application. We think that the giving of such a signal is not to be regarded as the exclusive means of bringing the statute into operation in such a situation, and that, on the other hand, the giving of the signal may not always avail to render it applicable. For example, in darkness, or under other conditions where a signal by one would not be visible to another approaching from the opposite direction, the giving of it would be but a futile gesture and should and would have no bearing upon the legal duty of one to the other. The finding in the present case strongly suggests that the situation here may well have been of that kind—that if the defendant had given, seasonably, the usual hand signal of his intention to turn to the left, the plaintiff very likely could not or would not have seen it although in the exercise of reasonable diligence and care. Obviously, some more reliable and practicable criterion must govern the applicability of the rule.

The rule, so far as concerns the duty of one in the situation of the defendant driver here, is given in *Neumann* v. *Apter, supra,* p. 701: The driver of an automobile when about to turn into a street upon his left, by passing through the intersection of the two streets, must, when an automobile is approaching such intersection from his right, give such approaching automobile the right to cross the intersection before him, "if a man of ordinary prudence in his situation, in the exercise of due care, would reasonably believe that if the two automobiles continued to run at the rate of speed at which they are then running, such con-

tinuance of their course would involve the risk of a collision." Such other automobile is to be considered as so approaching from the right when it is coming from such a direction as to be on the operator's right, either before or when he reaches the intersection or after he has turned to his left toward the intersecting street. A correlative duty devolves upon the driver of the vehicle approaching from the right to regulate his conduct in contemplation of the operation of that rule. *Jackson* v. *Brown,* and *Rohde* v. *Nock, supra.* This duty arises when, and as soon as, and not before, he perceives, or in the exercise of reasonable care should see or know, either through signal given, change of direction, or other significant indication on the part of the driver of the other car, that the latter intends to turn, through the intersection, into the intersecting street.

Upon the claims of proof in the present case, this statutory rule, with suitable explanation of its meaning and effect and of the conditions governing its applicability should have been submitted to the jury, and the questions as to whether the facts, as they found them to be, were such as to render the rule applicable and, if so, the results of such application to the facts as found, left to their determination. The withdrawal of these considerations as having no application to the case was erroneous and potentially harmful to the defendant.

The other assignments of error may be disposed of briefly. The slight misquotation of the statute concerning giving of signals was obviously inadvertent and apparently not of harmful significance. The first request to charge was clearly incorrect as a matter of law; "reasonable distance" is not, of itself, a test of right of way. *Hall* v. *Root,* 109 Conn. 33, 145 Atl. 36. The remaining requests were not statements of propo-

sitions of law, in compliance with the rule, Practice Book, p. 275, *insert*, but embodied and largely consisted of statements of facts claimed to have been proved by the defendants, and could not have been included in the charge, fairly, without a corresponding statement of the plaintiff's claims. The trial court was under no compulsion to adopt them. *Roberts* v. *New York, N. H. & H. R. Co.*, 107 Conn. 681, 686, 142 Atl. 455.

As a new trial must be ordered for error in the charge, there is no occasion to consider whether the verdict should be set aside as excessive in the amount of damages awarded. We note, however, that while the motion to set aside was general, on the ground that the verdict was against the evidence, argument in the trial court and here was limited to attack upon the amount of damages. Therefore the motion might well have been so framed as to apprise opposing counsel that the claims would be so limited, and the printing, in the record, of all the evidence in the case instead of that relating to damages only, lacks justification.

There is error and a new trial is ordered.

In this opinion the other judges concurred.