21162.   SMELTZER *v.* ATLANTA COACH COMPANY.

BELL, J.   1. The ordinance of the city of Atlanta providing that "at all intersections, all vehicle drivers on the right of other vehicles shall have the right of way" is not limited absolutely to instances "when two vehicles come to intersecting streets simultaneously, or practically at the same time," but is applicable in any situation where, in consideration of all the circumstances, including the distances of the two vehicles from the intersection and the relative speeds at which they are approaching

it, the driver of the vehicle on the left should reasonably apprehend that a collision would occur unless he yields the right of way. See, in this connection, Holman v. Ivins, 150 Minn. 285 (184 N. W. 1026, 21 A. L. R. 964, 974); Mapp v. Holland, 138 Va. 519 (122 S. E. 430, 37 A. L. R. ·478, 493); Thrapp v. Meyers, 114 Neb. 689 (209 N. W. 238, 47 A. L. R. 585, 595); Heidle v. Baldwin, 118 Ohio St. 375 (161 N. E. 44, 58 A. L. R. 1186, 1197); Garrett v. Byerly, 155 Wash. 351 (284 Pac. 343, 68 A. L. R. 254); 42 C. J. 982, § 707.

2. In the instant suit for personal injuries sustained by the plaintiff in a collision between two automobiles at an intersection of streets, the plaintiff contended that under the ordinance of the city of Atlanta, as set forth above, the vehicle in which he was riding, being the automobile to the right, had the right of way, and that the driver of the defendant's vehicle was negligent in failing to yield the right of way in accordance with the ordinance. The street on which the automobile to the right was traveling was sixty feet wide, and under all the circumstances the jury could have found that this vehicle had the right of way, although it did not reach the "intersection" simultaneously or practically at the same time with the other automobile. It follows that the court erred in charging the jury in effect that the ordinance would not be applicable unless the two vehicles came to the intersection simultaneously or practically at the same time, and for this error the plaintiff's motion for a new trial should have been granted. No other error appears.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED AUGUST 29, 1931. REHEARING DENIED SEPTEMBER 18, 1931.

*George & John L. Westmoreland, Joseph M. Jones,* for plaintiff.
*Bryan, Middlebrooks & Carter,* for defendant.

ON MOTION FOR REHEARING.

BELL, J. In the absence of statute or ordinance, it is the general rule that of two vehicles approaching an intersection of streets the one first reaching or entering the intersection is entitled to the right of way. Shields v. Hodge, 13 La. App. 546 (128 So. 530); Fry v. Derito, 97 Pa. Supr. Ct. R. 131. But in the instant case there was an ordinance covering the matter, and the question dealt with in the decision was as to the proper construction of that ordinance. There is also a statute upon the subject, but this was not invoked and is not to be construed. Ga. L. 1927, pp. 226, 237, § 12 (g). The ordinance and the statute may or may not require the same interpretation.

The material provisions of the ordinance under consideration were as follows: "At all intersections, all vehicle drivers on the

right of other vehicles shall have the right of way and in case of accident, all drivers failing to recognize the right of way for all traffic intersections on his or her right, shall be deemed guilty of reckless driving."

The following is the charge complained of in the plaintiff's motion for a new trial: "The plaintiff further says also that the servant of the defendant was violating an ordinance of the City of Atlanta which provides that at all intersections all vehicle drivers on the right of other vehicles shall have the right of way. Well, that was a valid and subsisting ordinance. That means that when two vehicles come to intersecting streets simultaneously, or practically at the same time, the drivers on the right of other vehicles shall have the right of way; it would be applicable to vehicles arriving at intersecting streets in the City of Atlanta practically at the same time, simultaneously." The plaintiff excepted to this charge upon the ground, among others, that "it limited the application of said ordinance to the very unusual situation where approaching vehicles arrived at the intersection simultaneously, whereas the common sense, every-day application of the same is extended to any situation where the driver having the right of way at the intersection is entitled to proceed at the same legal rate of speed across the intersection in preference to the other driver, even though the driver having the said right of way had not reached the intersection at the same time as the other driver."

In the motion for rehearing it is contended by the defendant in error (defendant in the court below) that in the decision rendered this court has construed the ordinance as though the words "at all intersections" meant the same as "upon approaching intersections," whereas a distinct difference exists between ordinances referring to the right of way "at intersections" and those defining such right as to vehicles "approaching intersections." It is contended that the ordinance, in saying "at the intersection," does not mean "somewhere else," and does not include "approaching the intersection."

The defendant concedes that the word "at" may have the same meaning as "near," but not that it would include the idea of approaching, and insists that the language of the charge, "when two vehicles come to intersecting streets," was a correct interpretation of the phrase "at all intersections." In *Minter* v. *State,* 104 *Ga.*

743 (4), 753 (30 S. E. 989), it was said that the word "at" may "denote near approach, nearness, or proximity," but that it is a relative term, and "its signification depends largely upon the subject-matter in relation to which it is used and the circumstances under which it becomes necessary to apply it to surrounding objects." See also *Massey* v. *Columbus*, 9 *Ga. App.* 9, 13 (70 S. E. 263); *Farmers Cotton Oil Co.* v. *Brooke*, 14 *Ga. App.* 778, 782 (82 S. E. 372).

In the construction of any statute or ordinance, it is necessary to consider the context, and the prime rule is to ascertain the intention of the lawmaking body. The ordinance in question was intended to promote the public safety, and should receive a reasonable and practical interpretation to that end. *Bertschy* v. *Seng*, 181 Wis. 643 (195 N. W. 854); *Collins* v. *Liddle*, 67 Utah, 242 (247 Pac. 476). Under this ordinance an intersection is the area or space common to both of two intersecting streets. *Neumann* v. *Apter*, 95 Conn. 695 (112 Atl. 350, 21 A. L. R. 970); *Rohde* v. *Nock*, 101 Conn. 439 (126 Atl. 335); *Fournier* v. *Zinn*, 257 Mass. 575 (154 N. E. 268).

The defendant's coach was traveling west on Fifth street, and the automobile in which the plaintiff was riding was traveling south on Peachtree street, and the collision occurred at the intersection of these streets. Peachtree was sixty feet wide, while Fifth street was not nearly so wide, according to the evidence. Under the rule that vehicles are required to keep to the right (and the evidence authorized the inference that this rule was being complied with by each driver in the transaction in question), the point common to the proper lines of motion of the two vehicles involved would be located in the northwest quarter of the intersection as defined above, and when the defendant's automobile, that is, the coach, traveling upon Fifth street reached the line of such intersection, the automobile in which the plaintiff was riding, if equidistant from the point common to the respective courses, would have been in the neighborhood of fifty feet from the intersection, and not strictly *at* the intersection simultaneously with the other vehicle. It is our opinion that the ordinance should be held applicable to the situation just described, as well as to any like case where the driver of the vehicle on the left should apprehend that a collision would occur unless he yields the right of way, notwithstanding the two cars did not

come to the intersection "simultaneously or practically at the same time." If the application of the ordinance should be limited to instances where the vehicles reached the intersection simultaneously or practically so, it would frequently happen that the ordinance would be of little value in providing precedence and safety for the vehicle on the right, since many other occasions would arise where such a regulation would prove equally wholesome, and since even in those cases where the vehicles reached the intersection at or about the same time, it would often normally occur that the vehicle on the right would pass the point of danger well ahead of the other vehicle, so that the ordinance would not be required as a measure of safety.

We can not agree that the instructions complained of were in accordance with this interpretation of the ordinance. It is true, as stated in the charge, that the ordinance would be applicable "when two vehicles come to intersecting streets simultaneously or practically at the same time," but this would not be the only situation to which the ordinance would be applicable; whereas the charge as a whole was susceptible of this construction. Indeed, the jury could not well have understood it otherwise. The assignment of error was sufficient to raise the question decided, and we can not say as a matter of law that the evidence demanded the verdict for the defendant.

We have carefully examined each of the many cases cited in the motion for rehearing, and have thoroughly considered every ground of the motion, but, having dealt with the chief contentions made, will not prolong this opinion by a seriatim discussion of the other grounds relied on by the movant.

We are of the opinion that the charge complained of was erroneous and that because of such error the plaintiff was entitled to a new trial.

*Rehearing denied. Jenkins, P. J., and Stephens, J., concur.*