FORREST E. PICKENS *vs*. EDITH M. MILLER.

MALTBIE, C. J., HAINES, BANKS, AVERY and JENNINGS, JS.

Argued February 6th—decided March 5th, 1935.

*Robert J. Woodruff*, for the appellant (defendant).

*Albert M. Herrmann*, with whom, on the brief, was *Israel W. Cutler*, for the appellee (plaintiff).

AVERY, J. The complaint in this action was on the common counts. The bill of particulars sets forth $1880.80 as money loaned and expended at the defendant's request in March and December, 1924, with a credit item of $60 for payment on December 31st, 1929. The defendant, in her answer, denied the allega-

tions of the complaint and for a second defense set up the statute of limitations, and as a third defense alleged payment and, by way of counterclaim, alleged that between March 1st, 1931, and April 6th, 1933, she furnished room and board to the plaintiff, for which he promised to pay $15 per week, and asked $1750 damages. To the counterclaim, the plaintiff filed an answer denying that he had agreed to pay the sum of $15 a week for the board furnished, and alleged that the defendant had been fully paid in cash and by the performance of work and services. The case was tried to the jury, which returned a verdict in favor of the plaintiff on the complaint and counterclaim and awarded him $1820.80 damages. The defendant filed a motion in arrest of judgment and on this appeal claims error in the denial of that motion by the trial court; and also assigns error in the refusal of the court to instruct the jury as requested, in the instructions as given, and in certain rulings upon evidence.

A motion in arrest of judgment is not the proper method to present a question as to the sufficiency of the evidence to sustain a verdict. *State* v. *Orlando,* 115 Conn. 672, 674, 163 Atl. 256. As employed in the instant case, the motion must be construed as directed solely at the record, an examination of which establishes no irregularity prejudicial to the defendant. The pleadings support the verdict; the verdict disposes of all issues created by the pleadings.

Of the thirty assignments of error specified by the defendant, twenty-two relate to the refusal of the court to charge the jury in accordance with certain of the defendant's requests. An examination of these requests, however, discloses that many of them were complied with either literally or in substance by the trial court. The trial court is not bound to adopt and

use the language of requests to charge; it is enough if the instructions upon the points involved are correct and adequate. *Slade* v. *Harris,* 105 Conn. 436, 439, 135 Atl. 570; *Rohde* v. *Nock,* 101 Conn. 439, 442, 126 Atl. 335; *Woodward* v. *Waterbury,* 113 Conn. 457, 462, 155 Atl. 825. The remaining requests were not statements of propositions of law, in compliance with the rule, Practice Book, § 156, but embodied and largely consisted of statements of facts claimed to have been proved by the defendant, and could not have been included in the charge, fairly, without a corresponding statement of the plaintiff's claims. *Barry* v. *Leiss,* 109 Conn. 484, 489, 147 Atl. 18. Our rule states that each request shall contain a single proposition of law, clearly and concisely stated, and a citation of authority. *Petrillo* v. *Kolbay,* 116 Conn. 389, 392, 165 Atl. 346. The charge of the court was a very clear exposition of the claims of the parties and of the applicable rules of law, correct and sufficient for the guidance of the jury.

In the course of the trial, the plaintiff offered a certified copy of a mortgage given to the defendant by a man named Torrenti. The defendant objected to this evidence as immaterial and irrelevant, and assigns error in the overruling of this objection. At the trial, the plaintiff had offered evidence and claimed to have proved that at the time the original loan was made to the defendant, she promised to repay him when she disposed of certain property at Saybrook, and that in May, 1926, she did sell the property to Torrenti, receiving part cash and a purchase money mortgage for the balance; and that at the time she promised to pay the plaintiff when she received her money from this mortgage. The mortgage deed was thus relevant to establish the dates in question and as corroborating

the plaintiff's testimony.   The other rulings upon evidence do not require discussion.

There is no error.

In this opinion the other judges concurred.