## GRACE S. WALLACE
vs.
## JOHN O. ANDERSON

Superior Court        Litchfield County        File #9153

Present:  Hon. FRANK P. McEVOY, Judge.

David Cramer,                Attorney for the Plaintiff.

Carmody & Thoms,            Attorneys for the Defendant.

**MEMORANDUM FILED NOVEMBER 18, 1937.**

McEVOY, J.   Upon all of the evidence and by a fair preponderance of the evidence it reasonably appears that:

May 21, 1936 was a clear, bright day.   At about 6:00 P. M., D. S. T., on that day, the plaintiff, a capable operator, of thirty-five years' experience, was the owner of a new Ford sedan which she had been operating about two weeks, and the brakes and other mechanism were in excellent order.   The road upon which the plaintiff was then operating was a level concrete state road twenty feet wide, composed of two lanes or strips, divided by a small black center line.   As the plaintiff

proceeded easterly toward Litchfield from New Milford she approached the center of Marbledale and the Marbledale Post Office. At this point the state highway is practically straight, with an unobstructed view of about thirty-four hundred feet— seventeen hundred feet on either side of the Post Office. The plaintiff was operating her car at a reasonable speed not in excess of the rate—thirty-five miles per hour—indicated by a sign on the highway which the plaintiff observed. The Marbledale Post Office is on the north side of the road and the southerly part of it is occupied by a gas station. Just southerly of the gas station there is a driveway; then a smooth oiled shoulder; then the twenty foot flat concrete road; then another oiled shoulder and then a gravel road, Wheaton Street. Twenty feet south of the intersection of Wheaton Street and the state highway there is a triangular fountain located upon a circular grass plot and on the northwest side of this grass plot there is a "Stop" sign which regulates the traffic into Wheaton Street, and on the south side of the grass plot there is a flag-pole. From the southerly side of the gas station to the northerly side of the grass plot there is an unobstructed and unoccupied space of approximately sixty feet.

On that day the defendant was the owner of a 1929 Whippet coupe. Just prior to the approach of the plaintiff the defendant had halted his car in front of the Post Office, facing easterly a little west of the Post Office and six or seven feet west of another car then standing there. The defendant was an operator of twenty years' driving experience. The defendant entered his car, saw the plaintiff's car about seven or eight hundred feet west and approaching easterly; backed his car westerly and turned southerly, to his right, intending to cross the cement highway and enter Wheaton Street. As the defendant's car was proceeding diagonally southeast across the cement highway a collision occurred between the cars of the plaintiff and the defendant. The plaintiff first saw the defendant's car when it was a very few feet easterly of her. Plaintiff did not apply her brakes but accelerated her speed in an endeavor to turn southerly, to her right, and to pass around the defendant's car, and in this attempt the plaintiff's car was struck just behind the driver's seat and was turned to its left so that it continued for a distance of about a hundred and twenty feet northerly, across the highway, over grass turf, through a wall and into a river. As the defendant drove southerly from the Post Office across the highway his speed

was approximately five to six miles an hour. Each of the parties was entitled to assume that the other would use reasonable care. The defendant was in the intersection prior to the approach of the plaintiff so that the two vehicles were not approaching the intersection "at approximately the same time". **Hall, Admr. vs. Root, et al., 109 Conn. 33.**

Upon the trial of this action the plaintiff and defendant each attempted to fairly state their recollections of the occurrence. The evidence of some of the witnesses who testified on behalf of the defendant is entitled to little credence. If the plaintiff, as she approached the defendant's car, had exercised reasonable care, she could easily have seen that the defendant's car was crossing the highway so that it would be in front of her and she could not only have checked the speed of her car but, if keeping a reasonable or, in fact, any look-out, she could have avoided a collision with the defendant's car by turning either to her right or to her left in a clear unobstructed space on either side of at least twenty feet. Failure to so act under all of the circumstances constituted negligence on the part of the plaintiff which materially contributed to her injury. There was no negligence on the part of the defendant which was a substantial factor in causing any injury to the plaintiff.

The issues are found in favor of the defendant and judgment may be entered for him to recover his costs.