This, in the judgment of the court, is a typical street intersection automobile collision case. The collision occurred within the intersection of Lombard Street and Clinton Avenue, two comparatively broad streets, intersecting each other at substantially right angles. The plaintiff was driving east on Lombard Street and the defendants' car was being driven north on Clinton Avenue. Under these conditions defendants' car would have the right of way if the two cars were arriving at the intersection at approximately the same time (Cum. Supp. [1935] § 636c).
In approaching Clinton Avenue it was the duty of the plaintiff not only to operate her car at a reasonable speed, but also to keep a reasonable lookout for cars approaching the intersection at her right, and to have her car under such *Page 99 
control as to be able to grant the right of way to a car approaching from her right, if the circumstances reasonably required this to be done.
The plaintiff testified that when she reached the "open space" in front of the house on the corner at her right, she did look to her right and saw no car coming. She did not look again for approaching cars until she heard the squeaking of brakes, when she looked again and saw a car coming straight at her, and that it was too late then to avoid the collision. It does not appear where plaintiff was opposite the open space when she looked. But one of two conclusions can be reached from her testimony; one, that if she did look with reasonable care she would have seen defendant's car approaching the intersection at approximately 40 to 50 miles per hour. The other conclusion would be that she did not look. In either event, she was not keeping a reasonable lookout. In either event she would be negligent. If she had looked to her right from any time she was opposite the open space up to the time she was upon the crosswalk, she would have seen the defendants' car approaching at a rapid rate of speed. The danger in crossing the street ahead of the defendants' car would then have been apparent.
Much was said in argument to the effect that the plaintiff had acquired the right of way over the defendants' car because she entered the intersection first. This is not determinative of the question. In the very recent case of McNaught vs. Smith,128 Conn. 450 the trial judge, after quoting the statutes, used the following language, the defendant in that case having made the claim now made by this plaintiff: "If, however, the defendant's truck reached the intersection first, the statute giving the right of way to a car approaching from the right when both are arriving, approximately the same time, is not controlling. On the contrary, if the defendant arrived at the intersection first and was in the intersection before the plaintiff entered then the defendant had the right of way and the right to assume that the plaintiff would yield that right of way to him."
The Supreme Court held this to be error, and reiterated what it had said with reference to the meaning of "arriving at such intersection at approximately the same time." It said: "The test is whether a man of ordinary prudence, being placed in the situation of the driver approaching the intersection upon the left of the other, would reasonably believe, in the exercise *Page 100 
of due care, that if the two automobiles continued to run at the rate of speed at which they were running, their continuance upon their course would involve the risk of a collision. Hall vs. Root, 109 Conn. 33, 36, 145 A. 36;Neumann vs. Apter, 95 Conn. 695, 701, 112 A. 350."
Upon the facts of this case the court can come to no other conclusion than that the plaintiff was not keeping a reasonable lookout, and failed to grant defendants' car the right of way.
In view of these conclusions, judgment will have to be given for the defendants. The fact the defendant driver was also negligent is immaterial.
 Judgment for defendants.