LADD v. GERMAIN.

1. TRIAL — INSTRUCTIONS — REQUESTS — REFUSAL — NEGLIGENCE — PASSING TEAMS.

In an action for a personal injury, caused by defendant's negligence in overtaking and passing the carriage in which plaintiff was riding, the defense being that plaintiff's driver suddenly turned as defendant was about to pass, and caused the collision, a request to charge, presenting defendant's theory, examined, in connection with the evidence and the charge as given, and *held*, that its refusal furnished defendant no ground for complaint.

2. SAME—GROSS NEGLIGENCE—DEFINITION IN INSTRUCTIONS—INVITED ERROR—QUESTIONS CONSIDERED.

Where the court adopts a definition of gross negligence proffered by defendant and charges in accordance, this court, on review, is not concerned whether there is evidence of gross negligence as properly defined, but the question is, whether there is evidence of gross negligence as defined by defendant.

145 MICH.—15.

Error to Saginaw; Gage, J.    Submitted April 12, 1906.
(Docket No. 56.)    Decided July 23, 1906.

Case by Mary Ladd against Edward Germain for personal injuries.    There was judgment for plaintiff, and defendant brings error.    Affirmed.

*Weadock, Purcell & Weadock,* for appellant.

*Frank E. Emerick,* for appellee.

Moore, J.    The plaintiff recovered a judgment in the sum of $500.    The defendant has brought the case here by writ of error.

This litigation grows out of the same state of facts as *Herbeck* v. *Germain,* 144 Mich. 157.    The plaintiff and the defendant in each of the cases make substantially the same claim.    A reference to the case as reported will make a long statement of the questions involved in this case unnecessary.    Error is assigned because of certain questions put to the defendant on the cross-examination. What we said upon that phase of the case in *Herbeck* v. *Germain* will apply equally well here.    Error is assigned upon the refusal of the court to give the following request:

" If you find from the evidence that if plaintiff's son-in-law had continued to drive his horse and carriage straight ahead the collision would not have occurred, then the plaintiff cannot recover."

It was the claim of plaintiff that she was injured while she was riding in a Concord buggy, going south on Washington avenue, at the rate of five or six miles an hour, the said carriage being driven within 12 or 14 inches of the west curb; the street at this point being unobstructed and the paved portion thereof 40 feet wide, by the defendant driving a team at the rate of 10 or 12 miles an hour (the team not running away, but being under control of the defendant, and in broad daylight), that under these conditions the defendant drove his team into the back of the Concord buggy in which plaintiff was riding, tearing up

the seat and destroying both wheels of the buggy on the east side, so that the hubs were on the sidewalk. According to the claim of the plaintiff there was upwards of 30 feet of unobstructed paved street between the buggy in which she was riding and the east curb. There was testimony tending to support this claim.

The judge charged the jury as follows:

"If from the evidence in this case you find that the plaintiff's son-in-law upon hearing the approach of the defendant's horses, suddenly turned his horse to the left and brought the carriage in which plaintiff was riding, immediately in front of the defendant's horses as they were turning to the left and attempting to pass the carriage in which she was riding, and if you find that the defendant was exercising such a degree of care and caution to avoid a collision, as a person of ordinary prudence would commonly use to avoid a collision, and that the collision followed as a result of plaintiff's son-in-law thus turning the carriage in front of defendant's horses and thereby the plaintiff was injured, this plaintiff cannot recover because if there was injury resulting from the collision under such circumstances the result of the negligence of the plaintiff's son-in-law in such case would be imputed to her and would prevent her from recovering for any injury which she may have thereby sustained.    *    *    *

"It was the duty of the defendant in this case as he approached the conveyance in which plaintiff was riding to use and employ ordinary and reasonable care, diligence, prudence and caution in driving, guiding, managing and controlling his team to avoid running into or colliding with the conveyance of the plaintiff, and if he desired to pass by the conveyance in which plaintiff and her son-in-law were seated it was his duty with like prudence, diligence, care and caution and in such seasonable time and distance as a prudent man would exercise under all the circumstances and conditions then existing, to have turned, guided and driven his team to and by the side of the buggy so as to pass the same safely and without collision. That is, it was his duty in so approaching or attempting to pass the conveyance in which plaintiff was riding, to use such care, skill, diligence, prudence, and caution as a man of ordinary care, diligence, prudence, and caution would use under the same or similar circumstances."

The defendant has no just cause of complaint because of the way this phase of the case was submitted.

The judge defined gross negligence as requested by defendant, as "an intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another, and also implies a thoughtless disregard of consequences without any effort to avoid them." The claim is made that there was no evidence to bring the case within the definition laid down in *Labarge* v. *Railroad Co.*, 134 Mich. 139. We are not called upon to consider whether there was evidence of gross negligence as properly defined. The question is whether there was evidence of gross negligence as defined by defendant. The trial court, having accepted that definition, owed no obligation to defendant to see if there was evidence according to another definition. In other words, defendant cannot complain because the trial court assumed that definition to be correct. He cannot rely on an error resulting from the acceptance of his own theory. *Farnsworth* v. *Fraser*, 137 Mich. 296. It is sufficient, therefore, to say, in answer to defendant's objection to the charge respecting gross negligence, that the definition of gross negligence was given at his request, and according to that definition there was evidence warranting the submission of the question to the jury. A careful examination of the record leads us to say there is no reversible error.

Judgment is affirmed.

CARPENTER, C. J., and McALVAY, GRANT, and BLAIR, JJ., concurred.