LYDIA LOSE *vs.* JOSEPH A. FITZGERALD.

First Judicial District, Hartford, October Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HINMAN and SIMPSON, Js.

When negligence depends upon what the reasonable person would have done under the same circumstances, it presents, as a general rule, a question of fact; when it depends upon the reasonableness of a particular precaution against a danger arising from conditions well defined and constantly recurring, it may present a question of law.

Argued October 7th—decided November 12th, 1926.

ACTION to recover damages for personal injuries, alleged to have been caused by the defendant's negligence, brought to the Court of Common Pleas for Hartford County and tried to the jury before *Molloy, J.;* verdict for the plaintiff for $350, which the trial court, upon defendant's motion, set aside as against the evidence, and from this decision the plaintiff appealed. *Error; judgment directed on verdict.*

*Ralph O. Wells* and *Edward A. Mag,* for the appellant (plaintiff).

*James W. Carpenter,* for the appellee (defendant).

PER CURIAM. The case arises out of a collision between defendant's and plaintiff's automobiles at the intersection of two streets in New Britain. The trial court set aside the verdict principally upon the ground that the plaintiff while traveling south on Carleton Street and before reaching its intersection with Commonwealth Avenue had not exercised reasonable care in failing to look to the east, her left, from which direction defendant was approaching. The jury might reasonably have found that plaintiff reached the intersection first and was not driving at an excessive speed, and that after her car had passed the center of the intersection the front bumper of defendant's car struck the left rear mudguard of her car. Whether the plaintiff was guilty of contributory negligence in failing to look to the east, her left, and up Commonwealth Avenue before passing by the intersection depends upon what the reasonable person would have done in the same circumstances. When negligence in any case depends upon the application of this test, it is for the jury to make, and neither the trial court, nor this court, can substitute its judgment for that of the jury. What is ordinary care under the circumstances is not, as a general rule, a reviewable question of law. This rule and its application have been most illuminatingly stated and explained in the leading case upon the subject in Connecticut. *Farrell* v. *Waterbury Horse R. Co.,* 60 Conn. 239, 251, 21 Atl. 675, 22 id. 544.

The present case does not fall within the recognized exception to this general rule that, "the reasonableness of a particular precaution against danger, arising from conditions well defined and constantly recurring, may be a question of law." *Murphy* v. *Derby Street Ry. Co.,* 73 Conn. 249, 253, 47 Atl. 120.

There is error; the order of the Court of Common Pleas setting aside the verdict is reversed and the court directed to enter its judgment upon the verdict as rendered.