SWAINSTON v. KENNEDY.

1. Motor Vehicles—Negligence—Duty of Drivers Approaching Intersection.

   Automobile drivers approaching street intersection at right angles to each other are each required to use such care under circumstances as would be required of ordinarily prudent person to avoid collision; and each may assume that other will conduct himself as reasonably prudent driver would under like circumstances.

2. Same—Excessive Speed—Failure to Look and Accord Right of Way.

   Testimony that automobile driver approached street intersection at excessive speed, that he neglected to make proper obser-

On the question as to liability for collision between automobiles, or an automobile and another vehicle at or near corner of street or highways, see annotation in L. R. A. 1916A, 745.

vations, and that he failed to accord right of way to driver
first entering intersection, *held,* sufficient to justify finding of
jury that he was guilty of negligence.

3. SAME—FAILURE TO LOOK SECOND TIME.

Whether automobile driver was guilty of contributory negli-
gence in proceeding to cross intersection in front of approach-
ing automobile 250 feet from intersection when he was only
40 feet from it was question for jury; that he did not look
again before proceeding to cross being insufficient to establish
his contributory negligence as matter of law.

Error to Muskegon; Vanderwerp (John), J. Sub-
mitted January 7, 1931. (Docket No. 42, Calendar
No. 35,263.) Decided February 27, 1931.

Case by Beatrice Swainston against Frederick T.
Kennedy and another for personal injuries result-
ing from an automobile accident. Judgment for
plaintiff. Defendants bring error. Affirmed.

*Galpin, Smedley & Dunn,* for plaintiff.

*Travis, Merrick, Johnson & McCobb,* for defend-
ants.

FEAD, J. Plaintiff recovered damages for injuries
sustained in a collision between an automobile, driven
by her husband and in which she was riding, and
one owned by defendant company, driven on its busi-
ness by defendant Kennedy. The question is
whether the court should have directed a verdict
for defendants on the ground of their freedom from
negligence or of contributory negligence of plain-
tiff's husband, attributable to plaintiff.

The accident occurred at the intersection of Hous-
ton and Fourth streets in Muskegon in the afternoon
of a clear, dry day. Each street is paved 30 feet
wide. Plaintiff's husband drove south on Fourth

street at the rate of 12 to 14 miles per hour. At the first opportunity and when 40 to 45 feet north of the crossing, he looked to the west and saw defendant's car 250 feet from the intersection. He then looked to the left. He thought there was no danger, and proceeded without varying his speed and without again looking to the right. His car was struck by defendant's at the rear wheel when the front end was about at the south curb line of the crossing, was turned completely around and thrown across the street to the east curb. Defendant's car passed on, made a right-hand turn at the east corner, jumped a five inch curb and ran over the sidewalk upon a lawn. Defendant Kennedy did not see the Swainston car until he was from 6 to 10 feet from it. Under plaintiff's testimony, Kennedy drove about four times as fast as Swainston, because he traveled four times as far in the same time.

The case is not one for the discussion of authorities but for the application of the familiar rules that each driver was bound to make the observations at the intersection which, and to see and to do what, an ordinarily prudent person would have made, seen, and done, and each could assume that the other would conduct himself as a reasonably prudent driver, unless, until, and in so far as a reasonably prudent person would have apprehended to the contrary.

The jury could fairly find Kennedy guilty of negligence in driving at an excessive rate of speed, neglecting to make proper observations, and failing to accord plaintiff's car the right of way as the first to enter the intersection.

Swainston's observation to the right was not prolonged. He was not sure that the car he saw, which the jury could find was defendant's, was moving,

although he thought it was.  But his decision to proceed was based upon the belief that defendant's car was approaching and was supported by the fact that it was much farther from the intersection than his own and by his qualified right to assume that Kennedy would approach at a lawful rate of speed, that he would make proper observations, and, seeing plaintiff in the intersection, would accord him the right of way.  While these considerations did not, as a matter of law, justify Swainston in proceeding, they cast the issue of his care in so doing into the realm of fact for the jury.  His failing to look to the right a second time did not establish his negligence as a matter of law.  *Lefevre* v. *Roberts*, 250 Mich. 675.

Judgment is affirmed, with costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.