RICHARD J. R. CAINES *vs.* HAROLD B. WOFSEY.

FANNY CAINES *vs.* HAROLD B. WOFSEY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued June 13th—decided July 25th, 1933.

*William H. Tribou,* for the appellant (defendant).

*Matthew H. Kenealy,* with whom was *Daniel E. Ryan,* for the appellee (plaintiff).

PER CURIAM. These two actions were brought to recover damages resulting from a collision between a car being driven by the plaintiff in one of them, Dr. Richard Caines, and owned by the plaintiff in the other, and an automobile owned by the defendant, but being driven at the time by his agent in the course of his employment. In the first action the plaintiff seeks a recovery for personal injuries suffered and in the other the plaintiff seeks damages for injuries done to her automobile. The trial court has found the following facts: The injuries occurred upon an improved highway having a concrete surface some forty feet wide divided into four lanes; Doctor Caines was driving westerly and desiring to turn off the road to the south, he stopped his car well to his right side of it;

he looked both ways and saw no traffic coming from behind which would interfere with his crossing the road; to the west he had an unobstructed view to the brow of a hill about four hundred feet away and saw no car coming from that direction; he believed that he could reasonably expect to cross the road in safety and this belief was a reasonable one; as he started to cross the defendant's car came over the brow of the hill, traveling at a speed of fifty to fifty-five miles an hour; the plaintiff's car did not stop after it started to cross the road until it was upon the southerly lane, when it was struck by that of the defendant, its position then being at substantially right angles to the line of the road; there was ample room for the defendant's car to pass by turning to its left.

The defendant attacks the finding that Doctor Caines reasonably believed that he could cross the road in safety, but this was an inference which the trial court might properly draw from the circumstances found proven. Doctor Caines stated in one part of his testimony that he looked to the west after starting to cross the road, but the context of that statement was such that the trial court might have regarded it as a deduction made by him and not a circumstance actually remembered and we cannot add to the finding any fact based upon that testimony. Whether the driver of the defendant's car was negligent in not having it in such control as to stop it after he saw or should have seen the plaintiff's car crossing the road, or in not passing it by turning to his left where there was ample room, were questions of fact for the trial court and it might reasonably reach the conclusion that the driver was negligent in these respects. So whether Doctor Caines was negligent in proceeding to cross the road under the circumstances found proven, without looking again to the west was also a question

of fact and the conclusion of the trial court that he was not negligent cannot be disturbed. *Porcello* v. *Finnan,* 113 Conn. 730, 732, 156 Atl. 863; *Catricola* v. *Hayes,* 114 Conn. 716, 717, 157 Atl. 271.

There is no error on either appeal.