## Mrs. Elwoy F. Carlin *v.* Paul G. Haas.

Maltbie, C. J., Hinman, Avery, Brown and Jennings, Js.

Argued April 5th—decided May 5th, 1938.

*Roger W. Davis* and *William S. Locke,* with whom was *Guerin B. Carmody,* for the appellant (defendant).

*Michael V. Blansfield,* with whom was *Harry M. Albert,* for the appellee (plaintiff).

AVERY, J.   The facts found by the trial court so far as material to the questions of law raised upon this appeal are these: On September 12th, 1936, at about 11:30 a.m., a Chevrolet sedan owned and operated by the plaintiff and a Packard coupé owned and operated by the defendant, came into collision at the junction of Main and Cutler DeForest Streets (being known also as Routes U. S. 6 and Connecticut 63) in the town of Watertown.   East of Main Street, Route 6 is known as Cutler Street and West of Main Street it is known as DeForest Street.   Route 6 at this point is straight for over 1350 feet, of which 625 feet lies easterly of Main Street and 732 feet westerly thereof.   At Main Street Route 6 is practically level.   At either side there is a slight down grade from west to east.   Cutler Street is 26 feet between curbs and paved.   DeForest Street is 32.65 feet between curbs and paved.   Main Street is paved for a width of 21.9 feet from the east curb. West of the pavement runs a single line of trolley track of standard width which crosses Route 6.   The cement paving on Main Street stops 2.65 feet east of the east trolley rail, and this strip and the road between the rails is not paved, except in the intersection of the streets.   To the east of Main Street and along the northerly side of Cutler Street, directing west-bound traffic on Cutler Street, are cross-road "RR," and "Slow" signs, while to the west of Main Street and along the southerly side of DeForest Street, directing eastbound traffic on DeForest Street, are cross-road and "Slow" signs.

At the time of the collision there was no other traffic on Route 6 or at the intersection.   The road was dry, the weather clear and the visibility good.   Before reaching the intersection, the plaintiff was driving her car westerly on the northerly side of Cutler Street at a speed of about twenty miles an hour intending to

turn south into Main Street. The defendant was driving easterly on DeForest Street. The plaintiff entered into the intersection at a rate of speed of ten miles an hour, changed to second speed and proceeded straight across on her right-hand side until past the center of the intersection. Upon reaching this point she indicated by a hand signal her intention to turn to her left or south into Main Street and made a slow gradual turn to her left, after first passing to the right of the center of the intersection. When the plaintiff's car was in the center of the intersection and making the turn to the south, the car of the defendant was approaching the westerly side of the intersection at a fast rate of speed but was fifty or sixty feet west thereof. Both cars continued in their respective directions until they came into collision at a point south of the center of the southwesterly quarter of the intersection and about midway between the trolley rails. The plaintiff's car traveled a distance of sixty-three feet from the point where it entered the intersection to the point of collision, while defendant's car had proceeded about two feet into the intersection at the time of collision. The plaintiff did not see the defendant's car until the instant of impact. The defendant, however, saw the "cross-road" and "slow" signs as he approached the intersection and saw the plaintiff's car when it was a considerable distance to the east thereof. He also saw the plaintiff's car as it entered the intersection and as it made its turn to the south and entered the southwest quarter of the intersection. The defendant, nevertheless, failed to reduce the speed of his car or change course but continued until the cars collided.

Upon these facts the trial court concluded that the defendant did not have the right of way over the plaintiff at the time of the collision and was guilty of

negligence which was the proximate cause of the plaintiff's injuries, and that the plaintiff was in the exercise of due care. In his appeal, the defendant has asked corrections of the finding, but an examination of the evidence certified and of the exhibits makes it clear that the finding is not susceptible of any correction by which the position of the defendant would be materially advantaged. The defendant makes three claims of law. He claims that because the collision occurred between the trolley rails, and Main Street is not paved between the trolley rails except in the intersection, that the course of traffic on Main Street would not ordinarily be where the collision actually occurred, although the ordinary course of traffic on DeForest Street would be over this point. In other words, that although the collision occurred at a point in the line of ordinary traffic on DeForest Street and Route 6, it was west of the line of ordinary traffic on Main Street and therefore was not within the intersection as that term is used in the statutes. General Statutes, Cum. Sup. 1935, § 636c. Even if this be granted, it would not in any way be determinative of the issue of the defendant's negligence. If the collision was caused by a failure to observe the requirements of the statute concerning right of way at intersections, that the cars actually came together outside the bounds of the intersection would not defeat a recovery.

The defendant claims that even if the collision occurred at an intersection, he had the right of way. The duty of the driver of a car to give the right of way at an intersection to another car approaching from his right arises "if a man of ordinary prudence in his situation, in the exercise of due care, would reasonably believe that if the two automobiles continued to run at the rate of speed at which they are then running, such continuance of their course would

involve the risk of a collision." *Neumann* v. *Apter,* 95 Conn. 695, 701, 112 Atl. 350. Where two cars approach an intersection proceeding in opposite directions and the driver of one intends to turn to his left around the center of the intersection to enter a street which crosses the one upon which he is proceeding, the risk of collision arises when he turns to enter that street. If at that time a car is approaching from the opposite direction under circumstances which to a reasonable man would indicate the danger of collision, the approaching car has the right of way. As we stated in *Barry* v. *Leiss,* 109 Conn. 484, 489, 147 Atl. 18, dealing with such a situation, "Such other automobile is to be considered as so approaching from the right when it is coming from such a direction as to be on the operator's right, either before or when he reaches the intersection or after he has turned to his left toward the intersecting street." That the car making the turn actually enters the intersection before the other car reaches it does not necessarily give it the right of way. If the defendant did have the right of way, in the exercise of that right he was obligated "to operate his car as a reasonably prudent person with the knowledge that he had the right of way would operate his car under like circumstances." *Jackson* v. *Brown,* 106 Conn. 143, 146, 137 Atl. 735. The trial court might reasonably have concluded that the defendant did not do so and that he was therefore negligent. *Goodhue* v. *Ballard,* 122 Conn. 542, 545, 191 Atl. 101; *Morosini* v. *Davis,* 110 Conn. 358, 363, 148 Atl. 371.

The final claim of the defendant is, that the plaintiff was guilty of contributory negligence as a matter of law. The conclusion of the court was that the plaintiff was at all times in the exercise of due care. In view of the finding of the court that the road was straight, the weather clear, the visibility good, of the entire

absence of other traffic and the speed at which the vehicles were approaching, the failure of the plaintiff to see the defendant's car until the moment of the collision cannot be held to indicate that she was making any use of her faculties whatever to observe approaching traffic and cannot be held otherwise than as negligence as a matter of law. The conclusion of the trial court was erroneous. Since negligence upon the part of a plaintiff cannot be contributory so as to bar the right of recovery unless it is found to be a substantial factor in bringing about the plaintiff's harm (Restatement, Torts, Vol. 2, § 465), had the trial court found that although the plaintiff was negligent her negligence was not a substantial factor in bringing about her injury, it would not have barred a recovery. *Lose* v. *Fitzgerald,* 105 Conn. 247, 248, 135 Atl. 42; *Caines* v. *Wofsey,* 117 Conn. 671, 672, 167 Atl. 733; *Comstock* v. *Smith,* 183 Wash. 94, 48 Pac. (2d) 255, 256; *Beattie v. Parkhurst,* 105 Vt. 91, 163 Atl. 589, 590; *Pichler* v. *Ladwig,* 194 Wis. 535, 217 N. W. 320; *Swainston* v. *Kennedy,* 253 Mich. 518, 235 N. W. 240, 241. The trial court, however, has not so found. It follows that the judgment cannot stand.

There is error and a new trial is ordered.

In this opinion the other judges concurred.