## STABLER v. COPELAND.

1. AUTOMOBILES—THROUGH HIGHWAYS—INTERSECTIONS—STOPPING —CONTRIBUTORY NEGLIGENCE AS A MATTER OF LAW.

Motorist on stop street who approached through highway with a clear view thereof in time to stop before proceeding into intersection toward which defendant approached from motorist's right was guilty of contributory negligence as a matter of law where he proceeded into intersection without having stopped.

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—IMPUTED NEGLIGENCE —MINORS.

The contributory negligence of motorist in whose car plaintiff's decedent, a minor, was riding may not be imputed to such decedent.

3. AUTOMOBILES—RIGHT OF WAY—THROUGH HIGHWAYS—INTERSECTIONS.

While the law accords the right of way to users of through highways, it does not authorize one, in approaching a highway crossing, to assume that in all events he may proceed without looking, or, if unable to see, without exercising precaution commensurate with reasonable prudence.

4. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

There is no rule by which the question of negligence or contributory negligence can be determined with exactitude.

5. AUTOMOBILES—INTERSECTIONS—DUE CARE.

A motorist entering an intersection must exercise that degree of care and caution that an ordinarily prudent and careful driver would exercise under the same or similar circumstances.

---

* Continued from Vol. 303.

Contributory negligence of host is not imputed to guest generally, see 2 Restatement, Torts, § 490.

6. SAME—INTERSECTIONS—THROUGH HIGHWAYS—STOPPING.

 A motorist on a through highway who observes the approach of a motorist on an intersecting inferior road has a right to rely to some extent upon the fact that the latter driver would observe the stop sign and obey the law (1 Comp. Laws 1929, § 4713).

7. SAME—INTERSECTIONS—NEGLIGENCE—QUESTION FOR JURY.

 In action by administrator of estate of minor passenger in eastbound car on stop street which approached intersection with through highway at speed of not less than 30 miles an hour for fatal injuries to his decedent received in collision with defendant's northbound car in northeast quadrant of intersection at about 7 o'clock in the evening in January, question of defendant motorist's negligence was for jury where his speed at time he entered the intersection was 15 miles an hour, he had observed eastbound car lights some 250 to 300 feet west of highway when he was from 40 to 60 feet south of the intersection about to cross railroad tracks but made no observation or estimate as to speed of the approaching car and confined his attention to ascertaining whether or not railroad crossing could be safely crossed and to watching a westbound tractor and trailer which was nearer the intersection and a southbound car approaching the same intersection which narrowly missed colliding with car in which decedent had been riding that had not stopped before entering the intersection (1 Comp. Laws 1929, § 4713).

8. APPEAL AND ERROR—INSTRUCTIONS.

 On plaintiff's appeal from denial of motions for judgment *non obstante veredicto* or new trial, plaintiff may not complain of instructions to jury that seem to have assumed defendant was guilty of negligence which "assisted materially" in causing the accident.

9. SAME—INTERSECTIONS—PROXIMATE CAUSE—INSTRUCTIONS.

 In automobile intersection collision case brought to recover damages for death of plaintiff's minor decedent, charge to jury on matter of proximate cause in words of plaintiff's requests to charge that to hold defendant liable it would be necessary to find from a preponderance of the evidence that defendant motorist on through highway was guilty of negligence, notwithstanding failure of decedent's driver to stop before entering the intersection, which did in part contribute toward causing the accident, *held*, not ground for complaint on part of plaintiff upon appeal from verdict and judgment for defendant.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted October 7, 1942. (Docket No. 25, Calendar No. 41,821.) Decided December 23, 1942.

Case by Archie H. Stabler, administrator of the estate of Keith Stabler, against Charles Copeland, for damages for personal injuries sustained in a motor vehicle collision causing death of plaintiff's decedent. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Thomas J. Bresnahan,* for plaintiff.

*Mason, Davidson & Mansfield* (*Carl F. Davidson,* of counsel), for defendant.

BOYLES, J. This suit arises out of an automobile highway intersection collision. Plaintiff's decedent, a minor, died as a result of the accident. The case was tried before a jury which found the defendant free from any negligence that was a proximate cause of the accident, and returned a verdict of no cause for action.

On January 19, 1939, plaintiff's decedent was riding in an automobile driven by one Kenneth Porter in an easterly direction on Fullerton avenue in northwest Detroit about 7 o'clock in the evening. The collision occurred at the intersection of Fullerton avenue and Schaefer highway. Fullerton avenue is not a through street or trunk line highway and intersects Schaefer highway at right angles. Schaefer highway is a through street, and on the south side of Fullerton avenue a short distance west of its intersection with Schaefer highway there was a stop sign warning of Schaefer highway as a through street. The driver of the automobile in which plaintiff's decedent was riding did not appreciably slow down, or heed the stop sign, but proceeded into the

intersection at 30 to 35 miles an hour. In so doing, he passed by a few feet the front of an automobile coming into the intersection from the north on Schaefer highway, the driver of which was compelled to apply his brakes in order to avoid a collision. At the same time, defendant Copeland was approaching the intersection on Schaefer highway from the south, driving his automobile at the rate of 15 to 20 miles an hour. There were no obstructions to prevent the driver of the automobile in which plaintiff's decedent was riding from having a clear view of Schaefer highway on his right and he could clearly have seen defendant's approaching vehicle in time to stop before he proceeded into the intersection. Under these circumstances, as we have frequently held, this driver was guilty of contributory negligence as a matter of law. However, his negligence cannot be imputed to plaintiff's decedent, a minor, and in this case the court correctly charged the jury that plaintiff's decedent must be considered free from any negligence.

Defendant Copeland was driving an automobile on Schaefer highway in a northerly direction approaching the aforesaid intersection at about 20 miles an hour. From 40 to 60 feet south of the intersection two railroad tracks cross Schaefer highway, paralleling Fullerton avenue on the south. As Copeland was about to cross the railroad tracks he glanced to his left on Fullerton avenue and observed the beam of a car light pointing in an easterly direction on Fullerton about 250 to 300 feet west from Schaefer highway. He observed the car was moving toward Schaefer highway but made no observation or estimate as to the speed of the approaching automobile, in which plaintiff's decedent was riding. As to either speed or distance after he was crossing the railroad tracks, Copeland merely said "I knew that he was far." He did not again look to the left.

Copeland was aware that Schaefer highway was a preferred street and knew of the stop sign west of the intersection and on the south side of Fullerton avenue. His view of Fullerton avenue on his left was unobstructed. Before Copeland drove upon the railroad tracks he looked to observe that the flasher signal was not operating and there were no trains approaching. At the time he was on the railroad tracks he also observed a light on a southbound car on Schaefer highway approaching the intersection. This was the car, the driver of which applied his brakes to avoid a collision with the driver of plaintiff's decedent's car passing in front of him. As Copeland approached the intersection he observed a tractor and trailer traveling toward the intersection from the east on Fullerton avenue about 200 feet east of the intersection. When he first saw it, this tractor and trailer were closer to Schaefer highway than the car that was going east on Fullerton avenue toward the intersection. He watched the tractor as he was approaching the intersection, after crossing the railroad tracks. He went into the intersection at about 15 miles an hour upon observing that the tractor approaching from the east was coming to a stop. It thus appears from the testimony that within the distance of about 60 feet south of the intersection and while approaching the same on Schaefer highway, the defendant Copeland observed the lights of the automobile in which plaintiff's decedent was riding approaching the intersection 250 to 300 feet from the west, observed there were no trains approaching on the railroad tracks, that the flasher light was not operating, that an automobile was approaching the intersection on Schaefer highway from the north, that a tractor and trailer were approaching the intersection about 200 feet east on Fullerton avenue. He drove into the intersection at about 15 miles an hour and did not see plaintiff's

decedent's automobile again until the collision. The collision itself occurred in the northeast quadrant of the intersection, indicating that the driver of plaintiff's decedent's automobile was north of the center line of Fullerton avenue at the moment of impact and that the collision might not have occurred had he proceeded straight east through the intersection by staying south of the Fullerton avenue center line.

Plaintiff moved for a judgment *non obstante veredicto* and in the alternative for a new trial on the ground that the verdict was against the great weight of the evidence. This appeal is from the denial of both motions.

There are circumstances in this case which standing alone would indicate that the defendant was guilty of negligence as a matter of law. See *Francis v. Rumsey,* 303 Mich. 526. However, the critical question is whether the court erred in submitting to the jury as an issue of fact whether the negligence of the defendant was the sole or at least a contributing proximate cause of the accident.

Bearing in mind that the defendant in this case was on a preferred street, with some assurance of safety thereunder, this court in holding that it was an issue for the jury said:

"Plaintiff invoked the right of way accorded by law to users of a trunk line highway and the assurance of safety thereunder. While the law accords the right of way, it requires, as well, the exercise of at least 'horse sense.' The statute does not authorize one, in approaching a highway crossing, to assume that in all events he may proceed without looking, or; if unable to see, without exercising precaution commensurate with reasonable prudence.

"The case presents issues of negligence and contributory negligence." *Kerns v. Lewis,* 246 Mich. 423, 428.

While there has been a plethora of litigation resulting from highway intersection collisions, no adjudicated case seems to present all of the elements of fact found in the case at bar. There is no rule by which the question of negligence or contributory negligence can be determined with exactitude. As we have frequently said, it is a general rule that a person entering an intersection must exercise that degree of care and caution that an ordinarily prudent and careful driver would exercise under the same or similar circumstances. Although it was not a final assurance of safety, Copeland had the right to rely to some extent upon the fact that the driver of plaintiff's decedent's car on approaching the intersection would observe the stop sign and obey the law.* In the case at bar, Copeland observed the lights of the car in which plaintiff's decedent was riding approaching on Fullerton avenue some considerable distance away and then devoted his attention to other hazards—whether trains were approaching on the tracks, the car approaching the intersection toward him on Schaefer highway, and the tractor and trailer approaching the intersection on Fullerton avenue from his right.

"There may be circumstances where a driver on a through street may be guilty of contributory negligence if he proceeds after he has seen that the driver from an inferior cross street has failed to stop in accordance with the stop sign. Plaintiff testified that the reason he did not look to the west again was because the intersection was clear 140 feet to the west when he looked, and that no one who came to a stop in accordance with the law could cross the intersection prior to plaintiff. Was this a reasonable surmise or not? Was a person guilty of contributory negligence in exercising such a belief? We

---

* See 1 Comp. Laws 1929, § 4713 (Stat. Ann. § 9.1581).—RE-PORTER.

hold that these questions are for the determination of a jury. See *Swainston* v. *Kennedy*, 253 Mich. 518; *Bunker* v. *Reid*, 255 Mich. 536; *Rhoades* v. *Finn*, 288 Mich. 262; and *Campbell* v. *Osterland*, 283 Mich. 175.'' *Rife* v. *Colestock*, 297 Mich. 194.

Defendant Copeland drove into the intersection at about 15 miles an hour, while plaintiff's decedent's driver came into the intersection at the rate of at least 30 miles an hour. The point of collision indicates that Copeland had cleared the south half of Fullerton avenue when struck by the car approaching on Fullerton avenue.

''It was defendant's duty to pass plaintiff on the right. Act No. 9, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 4814); *Brown* v. *Mitts*, 187 Mich. 469; *Harris* v. *Bernstein*, 204 Mich. 685. Plaintiff was not obliged, under the law, to stop his car at the crossing because he saw defendant approaching at a rapid rate of speed. *Brown* v. *Mitts, supra.* He had the right to assume that defendant would see him and have his car under control. Having only 12 feet and the length of his car to go to pass the center of the intersection, or 24 feet to cross the road, while defendant had 65 feet to travel, plaintiff could fairly have judged that it was safe to proceed, depending upon the disputed question of defendant's rate of speed. Plaintiff's quoted testimony is subject to the construction that defendant turned or swerved to the left to strike him. It was for the jury to determine what his testimony meant. He was not bound by law to anticipate that defendant would invade that part of the intersection where he had a right to be and defendant had not, nor did the testimony conclusively establish that a reasonably prudent person would have anticipated it. Whether, under the circumstances, plaintiff should have foreseen such invasion, or other violations of traffic law of which defendant was guilty, was for the jury.'' *Grodi* v. *Mierow*, 244 Mich. 511.

In part of his charge to the jury the circuit judge seems to have assumed that the defendant was guilty of negligence. Certainly the plaintiff has no reason to complain when the court charged the jury:

"I think it is conceded on the record here that while Porter (plaintiff's driver) may have been the negligent person, nevertheless, there was negligence on the part of Copeland, that assisted materially, we'll put it that way, in causing this accident."

The court charged the jury that plaintiff's decedent must be considered free from negligence, that the only question in this case was as to the negligence of defendant Copeland. After fully covering all of the other essential elements of law in the case, the court charged the jury on the question of proximate cause as follows:

"I further charge you, members of the jury, that if you find from a preponderance of the evidence that the collision of the two motor vehicles at the intersection of Fullerton and Schaefer highway, at the time in question was caused in part by the negligent conduct of defendant Copeland, in the operation of his motor vehicle, then your verdict will be for the plaintiff.  *  *  *

"You are further instructed that although the defendant had a right to assume that the operator of the motor vehicle in which plaintiff decedent Keith Stabler was riding, would obey the law, it was nevertheless, the defendant's duty to be watchful, and if the circumstances indicated that the driver of the other motor vehicle was not going to stop, that the defendant would be guilty of negligence if he had attempted to cross the intersection in front of the other motor vehicle.

"I further charge you, members of the jury, if you find from a preponderance of the evidence that this collision was the result of the concurrent negligence of the operator of the motor vehicle in which

the plaintiff was riding, and that of the defendant, then your verdict will be for the plaintiff.

"I further instruct you that if you find from a preponderance of the evidence in this case that the collision resulted in part from the negligence of the driver of the motor vehicle in which plaintiff decedent was riding, and in part from the negligence of the defendant, you are not to concern yourselves as to the percentage of negligence of the respective parties. You are only to concern yourselves with determining whether or not the defendant, Copeland, is shown by the preponderance of the evidence in this case to have been in any way, or to any extent whatsoever, negligent, proximately resulting in the collision.

"That is to say, if the preponderance of the evidence, to your own satisfaction shows that the defendant was to blame to the extent of any percentage, for the causing of the collision, your verdict will be for the plaintiff."

This charge was given to the jury nearly verbatim as requested in writing by plaintiff's counsel. Under these circumstances and the facts in the case, we find no reason for holding that it was not a correct statement of the law; and plaintiff has no ground to complain in that regard. A similar situation was before us in *Valenti* v. *Mayer,* 301 Mich. 551. In that case, as in the case at bar, the jury absolved the defendant of blame and rendered a verdict of no cause for action; plaintiff sought reversal on the ground that the verdict was contrary to the great weight of the evidence. In discussing the question as to whether the defendant's negligence was the sole or at least a contributing proximate cause of the accident, Mr. Justice NORTH, writing for the court said (p. 554):

"Primarily plaintiff's right to recover requires proof that there was negligence on the part of

Bareis (defendant) which was the sole or at least a contributing proximate cause of the accident. The question of contributory negligence on the part of plaintiff is not involved on this appeal; and contributory negligence of the driver of plaintiff's car cannot be imputed to plaintiff who was a minor. The jury found Bareis was not guilty of negligence which caused or contributed as a cause of the collision accident.

"The plaintiff argues that this finding of no liability is contrary to the great weight of the evidence, that the record shows Bareis failed to stop as required by law and that instead he drove into the path of plaintiff's car. Defendant's contention, as recited in the court's charge to the jury, is that the speed of the plaintiff's brother's car together with its driver's failure to see the Bareis car in the intersection was the sole cause of the accident."

The conclusion reached in that case was that the controversy as to whose negligence caused the collision presented an issue for the jury and we held that the verdict was not contrary to the great weight of the evidence. In the case at bar, we are not inclined to set aside the verdict, and we find that plaintiff's motions for judgment notwithstanding the verdict and for new trial were properly denied.

Judgment is affirmed, with costs to appellee.

CHANDLER, C. J., and NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.