MARTIN v ANN ARBOR RAILROAD COMPANY

1. NEGLIGENCE—HIGHWAYS—INSTRUCTIONS TO JURY—COUNTY ROAD
   COMMISSION—SNOW ACCUMULATION—PRESERVING ISSUE.
   A defendant road commission, in a negligence action, cannot
   complain of any error in an instruction to the jury regarding
   the defendant's duty to salt or sand a roadway covered with
   natural accumulations of snow where (1) the instruction given
   was proposed by the defendant, (2) the plaintiff presented no
   proofs on the salting and sanding issue, and it remained in the
   case only because the defendant nevertheless offered proofs on
   that issue in its own proofs, and (3) the defendant failed to
   object to the instruction given.

2. NEGLIGENCE—HIGHWAYS—RAILROADS—CAUSATION—SUFFICIENCY
   OF PROOF OF CAUSATION.
   Proof of factual and proximate causation in a personal injury
   action against a railroad company and a county road commis-
   sion for injuries arising out of a car-train accident was suffi-
   cient where (1) evidence was introduced as to the placement of
   speed limit and warning signs, the absence of flashing light
   warning devices, and visual obstruction of the railroad track,
   (2) various actionable theories of causation were presented
   through testimony of plaintiff's expert witness, (3) theories
   negating contributory negligence were offered by the expert
   witness, and (4) evidence of prior accidents placing the defend-
   ants on notice of the dangerous nature of the intersection was
   introduced.

3. NEGLIGENCE—HIGHWAYS—RAILROADS—EVIDENCE—MOTION PIC-
   TURES—DISCRETION.
   Refusing to admit into evidence in a personal injury action a
   motion picture offered by a defendant railroad company for the

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 623.
[2] 39 Am Jur 2d, Highways, Streets, and Bridges § 374.
[3] 39 Am Jur 2d, Highways, Streets, and Bridges § 595.
[4] 39 Am Jur 2d, Highways, Streets, and Bridges § 491.
[5, 6] 57 Am Jur 2d, Negligence §§ 239, 240, 253, 270.

purpose of showing that the driver of a car, who was injured in a car-train accident, could have seen a train through the trees that were alleged by plaintiff to obstruct the driver's vision was not an abuse of discretion where the scene depicted in the proposed film was dissimilar from that existing on the night of the accident.

4. HIGHWAYS—TRAFFIC-CONTROL DEVICES—COUNTY ROAD COMMISSIONS—STATUTES.

All traffic-control devices maintained by county road commissions must conform to the state manual and specifications for a uniform system of traffic control devices promulgated by the state highway commissioner and the state police (MCLA 257.608, 257.610[a]; MSA 9.2308, 9.2310[a]).

5. NEGLIGENCE—EVIDENCE—NEGLIGENCE PER SE—VIOLATION OF STATUTE—STATUTORY PURPOSE DOCTRINE.

A defendant in a negligence action may be held liable in negligence, under the negligence per se doctrine, as a matter of law if his conduct amounted to a violation of statute; however, for the statutory violation to constitute negligence per se the test of the statutory purpose doctrine must be satisfied.

6. NEGLIGENCE—EVIDENCE—VIOLATION OF STATUTE—STATUTORY PURPOSE DOCTRINE—MERE EVIDENCE OF NEGLIGENCE.

The statutory purpose doctrine, which is applied where the violation of a statute is considered negligence per se, need not be applied where the statute violation constitutes mere evidence of negligence and is not used as establishing negligence.

Appeal from Washtenaw, William F. Ager, Jr., J. Submitted March 2, 1977, at Lansing. (Docket Nos. 24593, 24656.) Decided June 6, 1977. Leave to appeal denied, 401 Mich —.

Complaint by Leanne R. Martin, as administratrix of the estate of Kristen M. Martin, deceased, and as next friend and guardian of James D. Martin, her husband, a mentally incompetent person, and on her own behalf, against the Ann Arbor Railroad, The Detroit Edison Company and the Board of County Road Commissioners of the County of Washtenaw, seeking damages for wrongful death and personal injuries. Judgment for

plaintiff against defendant Ann Arbor Railroad and Washtenaw County Board of Road Commissioners. Judgment for defendant The Detroit Edison Company. Defendants Ann Arbor Railroad and Washtenaw County Board of Road Commissioners appeal. Affirmed.

*Hooper, Hathaway, Fichera, Price & Davis* (by *Bruce T. Wallace* and *Peter A. Davis), (Goodman, Eden, Millender, Goodman & Bedrosian,* by *George J. Bedrosian* and *Paul A. Rosen,* of counsel), for plaintiff.

*Abel J. Selburn,* for defendant Ann Arbor Railroad.

*Martin, Bohall, Joselyn, Halsey, Rowe & Jamieson,* for defendant Washtenaw County Board of Road Commissioners.

Before: DANHOF, C. J., and T. M. BURNS and J. E. McDONALD,* JJ.

T. M. BURNS, J. Around 8:30 p.m. on January 27, 1972, James Martin was driving his car westbound on Willis Road in Washtenaw County. His daughter Kristen was a passenger.

Willis Road, which is under the jurisdiction of the Washtenaw County Road Commission, is a two-lane paved road. It was snow-covered on the night in question. West of its intersection with Platt Road, Willis Road is crossed by a north-south track owned by the Ann Arbor Railroad.

The railroad crossing was protected by a reflectorized crossbuck rather than a flashing light warning sign. An advance warning sign was located several hundred feet east of the crossing.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Located between the advance warning sign and the crossing was a 45 mph speed limit sign.

On the east side of the track running parallel to the track some 1100 feet, beginning at the north side of Willis Road, is a tall, dense line of trees. Also on the north side of Willis Road, running parallel to the roadway, is another line of trees.

Detroit Edison Company maintained on behalf of the road commission two street lights above the crossing, one on each side. On the night in question the light on the west side was burned out.

As the Martin car approached the railroad tracks, a southbound train was approaching the crossing. Witnesses saw the Martin car skidding as it approached the crossing. The automobile was struck by the train and pushed several hundred feet down the track. Kristen Martin died in the accident and Mr. Martin suffered severe injuries.

Mrs. Martin brought this wrongful death and personal injury action as an individual on her own behalf, as administratrix of her daughter's estate and as next friend and guardian of her husband.

Plaintiff claimed that the road commission was negligent in failing to maintain Willis Road in a reasonably safe condition for public travel, in failing to maintain adequate warning at the crossing, in maintaining a confusing and dangerous speed limit between the advance warning sign and the crossing, and in failing to maintain the overhead street light.

Plaintiff claimed that the railroad was negligent in failing to maintain the crossing in a reasonably safe manner, by failing to install adequate warning devices, and by failing to remove visual obstructions. Detroit Edison was charged with negligence in failing to maintain the overhead light.

The jury returned a verdict of no cause of action

for Detroit Edison but found for the plaintiff against the railroad and the road commission. The latter two parties appeal.

## I

The road commission first argues that the trial court erred in instructing the jury that they could find the commission negligent in failing to salt or sand a roadway which was covered with only natural accumulations of snow.

We note initially that the now-challenged instruction was one proposed by the road commission as an alternative to one stating that the road commission has no duty to keep a road free from natural accumulations of ice and snow. We note also that plaintiff presented no proofs on the salting and sanding issue, and it remained in the case only because defendant road commission nevertheless offered proofs on that issue in its own case. Finally, defendant road commission failed to object to the instruction given. Under these circumstances, defendant cannot now be heard to complain of any error in the instruction it requested. See *Stabler v Copeland,* 304 Mich 1, 10; 7 NW2d 122 (1942), *Ladd v Germain,* 145 Mich 225; 108 NW 679 (1906).

## II

Both appellants contend that, through plaintiff's expert witness, prejudicial evidence relating to post-accident changes at the railroad crossing was introduced to the jury. On cross-examination the plaintiff's witness did refer to hypothetical crossings with signal warning devices as opposed to crossings with crossbucks. The jury was not informed that changes were made in the crossing

involved in the trial. We need not decide, therefore, whether there was error under *Denolf v Frank L Jursik Co,* 395 Mich 661; 238 NW2d 1 (1976).

## III

Both appellants argue that the factual cause of the accident was proven only by conjecture and that the proofs at best established only equal inferences as to the proximate cause. Since the jury was left to speculate as to causation, they argue, a directed verdict or judgment *n. o. v.* should have been entered. We disagree.

Evidence was introduced as to the placement of the speed limit and warning signs, the absence of flashing light warning devices, and visual obstruction of the track. Through testimony of plaintiff's expert witness various actionable theories of causation were presented. Through the same witness theories were offered negating contributory negligence. Evidence of prior accidents placing the defendants on notice of the dangerous nature of the intersection was introduced. Such proof of factual and proximate causation was not insufficient. *Cf. Emery v Chesapeake & O R Co,* 372 Mich 663, 682; 127 NW2d 826 (1964).

## IV

Appellant Ann Arbor Railroad argues that the trial court erred in refusing to admit a proposed motion picture offered for the purpose of showing that Mr. Martin could have seen a train through the trees that were alleged by plaintiff to obstruct vision.

We find no abuse of discretion on the part of the trial court. As plaintiff notes, the scene depicted in

the proposed film was dissimilar from that existing on the night of the accident. *Cf. Dennis v Jakeway,* 53 Mich App 68; 218 NW2d 389 (1974), *Kaminski v Wayne County Road Commissioners,* 370 Mich 389; 121 NW2d 830 (1963).

V

The road commission's final argument is that the trial court erred in instructing the jury that the road commission's improper placement of the speed limit between the advance warning sign and the railroad tracks could be considered by them in determining whether they were negligent.

Pursuant to statute, a manual and specifications for a uniform system of traffic control devices were promulgated by the state highway commissioner and the state police. See MCLA 257.608; MSA 9.2308. All traffic-control devices maintained by county road commissions must conform to the state manual and specifications. MCLA 257.610(a); MSA 9.2310(a).

The state manual provides, at page 16, that "Signs shall be installed at maximum intervals of 1/2 mile within any Speed Control Zone to confirm the speed of that zone".

In his instructions to the jury, the trial judge explained the manual and read the portion of it relating to the positioning of speed limit signs. He also stated the following:

"I instruct you that the speed limit, 45 sign located by Defendant Washtenaw County Road Commission between the advance warning sign and the tracks was indisputably situated some 280 feet beyond the one-half mile maximum limitation just quoted from the Michigan Manual of Uniform Traffic Control Devices. I further instruct you that the Washtenaw County Road

Commission's violation of this manual in this respect can be considered by you as evidence of negligence on the part of the Washtenaw County Road Commission and you must decide whether the negligence was a proximate cause of the injuries to the Plaintiff."

The road commission argues that it was reversible error to allow the jury to consider the violation as negligence because the reason for the regulation, sufficient notification of drivers of the speed limit, is not relevant to the alleged negligence: placement of the sign between the advance warning sign and the tracks, causing distraction of the driver's attention to the danger.

The road commission admits that the breach of a statutorily promulgated regulation is evidence of negligence but urges that it is reversible error to so instruct where the rule or regulation is not applicable to the fact situation and the theories involved.

Under the negligence per se doctrine, the defendant in a negligence action may be held liable in negligence as a matter of law if his conduct amounted to a violation of a statute. See, generally, 57 Am Jur 2d, Negligence, §§ 234, *et seq.,* pp 615, *et seq.* For the statutory violation to constitute negligence per se, however, the test of the statutory purpose doctrine must be satisfied. See *Zeni v Anderson,* 397 Mich 117, 138, fn 22; 243 NW2d 270 (1976).

In the instant case, however, we are not faced with the question of whether a trial court, in finding a defendant negligent as a matter of law, erred in so finding because the statutory purpose doctrine was not applied. See *Hardaway v Consolidated Paper Co,* 366 Mich 190; 114 NW2d 236 (1962).

In the case at bar there was a violation of a

statutorily promulgated regulation. Plaintiff's proofs tended to prove that the violation created a driving hazard. Surely, regulations establishing standards for the design, placement and maintenance of uniform traffic control signs are intended to advance the safety of motorists and other users of the highways. Mr. Martin and his daughter were certainly within the class of persons intended to be protected by the regulations.

The road commission's violation of the regulation, incorrect placement of the sign, created a hazard to the safety of motorists. Whether or not the sign placement regulation was intended to avoid distraction of motorists while approaching railroad tracks need not concern us. Strict analysis under the statutory purpose doctrine is not necessary where, as in the instant case, the rule violation constitutes mere *evidence* of negligence and is not used as *establishing* negligence.[1]

Affirmed.

---

[1] *See* 57 Am Jur 2d, Negligence, §§ 246, 254, pp 629, 638. *Cf. Webster v WXYZ,* 59 Mich App 375; 229 NW2d 460 (1975).